Eastern Dist.
March, 1839.

LESASSIER
vs.
DASHIELL.
The defendant on eviction, will be allowed to produce evidence of the increased value of the property at the time of eviction, above the original price at which he purchased.

LESASSIER vs. DASHIELL.*

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

In sales per aversionem, the purchaser cannot claim diminution of price for a deficiency in measurement; but if he has been led into error by the fraudulent concealment of the vendor, as to the real quantity, he is not without remedy, and will be allowed to produce evidence of fraud and concealment under the proper allegations.

Good faith is required in sales per aversionem, as much as in any other kind of contracts, and when fraud and concealment is alleged in the pleadings, the court should allow the inquiry to be gone into.

So, the purchaser was permitted to introduce evidence to show that the vendor knew at the time of the sale, which was per aversionem, that the tract of land described in the act of sale contained less than the quantity mentioned.

This is an action to recover two sums of money, one of one thousand eight hundred dollars, and the other, three thousand dollars, with interest, which remain due on the price of a tract of land, or plantation and slaves, sold by the

---

* This case was decided at last January Term, but suspended until now by an application for a re-hearing.

EASTERN DIST. plaintiff to the defendant, by public act, bearing date 8th of
*March*, 1839. March, 1836.

LESASSIER
*vs.*
DASHIELL.

The defendant on being cited presented his petition, alleging that he was a citizen of the state of Mississippi, and prayed that this suit be removed to the United States District Court for the Eastern District of Louisiana. The prayer was refused, and the application of the defendant overruled by the court.

He then filed an answer to the merits, and prayed for further time to answer more fully. He averred, that since the commencement of the suit, he had been informed that a grant or transfer was made to one Doctor Guitteau, affecting materially the nature and extent of this defendant's title to the land he had purchased, by giving to the said Doctor Guitteau privileges and servitudes, which, if he had known, he would not have purchased. He expressly charges Lesassier, with having fraudulently concealed the existence of this act of transfer to Doctor Guitteau, and with having made fraudulent representations in relation to it. He prays *oyer* of this act of transfer, and that Doctor Guitteau be required to bring it into court. He further avers the fraudulent concealment of other mortgages and incumbrances existing on the premises at the time he purchased ; and concludes with a prayer for further time to answer more fully the allegations in the petition.

On the fourth day after filing the above, the defendant put in his answer in full, in which he pleaded a general denial to all the allegations not specially admitted. He then avers that the real measure of the plantation as purchased by him, is short of the quantity expressed in the contract of sale, more than one-twentieth part. He also sets out various vices in the thing sold, and avers that the plantation was encumbered with mortgages and servitudes, which were unknown to him at the time of sale, and of which the plaintiff made no declaration, but had he known them he would not have purchased. He then prays that the contract of sale be cancelled, the money he has paid returned to him, and that he be allowed damages for the injuries he has sustained by said sale and purchase.

EASTERN DIST.
March, 1839.

LESASSIER
vs.
DASHIELL.

At the following term of the District Court, the defendant, by leave of court, filed an amended answer, in which he expressly averred that the plaintiff knew at the time of sale, that the titles to this property had been rejected by the counsel of the Citizens' Bank, and that all the incumbrances and vices existing on it, were well known to him, all of which he concealed; that this concealment and suppression of facts was a fraud upon this defendant, which gives him a right to have the sale rescinded. He then renews his prayer for the rescission of the sale, and that the sums of money he has paid be refunded, together with damages.

The plaintiff's counsel objected and excepted to the amended answer. 1st. Because it altered the nature and substance of the defence set up in the original one, by pleading fraud and concealment. 2d. Surprise. 3d. The plea of fraud and concealment is barred by prescription.

The plaintiff amended and filed his plea of prescription to the defendant's claim for damages.

There was also a suit of intervention, not necessary to notice.

Upon these pleadings and issues, the parties went to trial. The defendant offered witnesses to prove that the plaintiff knew at the time of sale, which he concealed from the purchaser, that the quantity of land was *less* than that expressed in the act of sale; " that the tract known as the double concession, did not contain four hundred arpents, but a *less* quantity, *and only ninety-three acres.*" This testimony was objected to on the ground that it was a sale *per aversionem,* and the purchaser had no right to a diminution of price or a rescission of the sale for a diminution in quantity, as no particular quantity of land was expressed, except what was contained within the boundaries described in the act of sale. The objection was sustained by the court, and the defendant's counsel took his bill of exceptions.

The act of sale described the land as "a second concession, supposed to contain *four hundred superficial arpents, more or less,* bounded above by lands of Isidore Blanchard, deceased, and below by land of Lesassier," &c.

EASTERN DIST.
*March*, 1839.

LESASSIER
*vs.*
DASHIELL.

There were other bills of exception in the record not now noticed, as the cause was sent back on the rejection of defendant's testimony.

There was final judgment for the plaintiff, from which the defendant appealed.

*Winchester* and *Ives*, for the plaintiffs.

1. The court below erred in allowing the defendant's answer to be filed. It altered the nature and substance of the defence set up in the original answer, by pleading fraud, and making that plea the basis of a new claim for damages on matters independent of the original contract. *Code of Practice*, 420. 8 *Martin, N. S.*, 412.

2. There was no fraud or concealment. A distinct clause in the act of sale supposes a possible deficiency in the back concession tract, and provides for it. By reference to this act of sale, it will be seen, the defendant was informed of the character and description of the titles under which Lesassier held the property, and by which he sold and expressly mentioned that both tracts (double concessions) *were sold agreeably to the antecedent titles and conveyances made by the vendor*. Here the vendee was informed and put on his guard as to the titles.

3. It was further contended, that in fact this was a sale *per aversionem*, by specific boundaries, and the vendee is obliged to take the tract more or less by the boundaries, without being entitled to a diminution of price or rescission of the sale, for a deficiency of measurement.

*Lobdell* and *Sterling*, for the defendant and appellant.

1. The defendant was authorized by the pleadings to claim a diminution in the price or rescission of the sale, for deficiency in measurement ; for fraud and concealment was alleged. The diminution in quantity is clearly shown by the testimony of the surveyor, and witnesses were offered to prove fraud and concealment on the part of the plaintiff and vendor.

2. There were various defects and vices in the titles,

which prevented the vendee from obtaining stock on it in the Citizens' Bank, or getting a loan; in fact, it was rendered useless by the concealed incumbrances and servitudes existing on it, and this too, in the knowledge of the plaintiff, who failed to disclose them at the time of making the sale. The defendant is, therefore, entitled to a rescission of the sale with restitution of so much of the price as has been paid, with damages for the bad faith of the plaintiff.

*Bullard, J.*, delivered the opinion of the court.

This is an action to recover of the defendant a part of the price of a tract of land and slaves. The defendant alleged a deficiency of the land, together with various other grounds of defence, and among others, fraud and concealment, and that the vendor knew that the tract of land contained much less than the quantity stated in the conveyance.

In the progress of the trial, the defendant offered witnesses to prove that the vendor knew before, and at the time of the sale, that the tract of land known as the double concession, did not contain four hundred arpents, but a less quantity, to wit, ninety-three arpents and a fraction, but that before and at the time of the sale, he assured the defendant that it contained four hundred arpents or upwards. This evidence was rejected by the court, on the ground that the sale was *per aversionem*, and that it made no difference whether the vendor knew or not that there was a less quantity, because in sales of that kind, the purchaser can claim nothing for a diminution. A bill of exceptions was taken, to which our attention has been drawn.

It appears to us the court erred. Admitting that the sale was *per aversionem*, and that, consequently, the purchaser has no right to claim for any diminution in the measurement *merely;* yet it does not appear to us logical to conclude that if he was led into error by the fraudulent concealment of the vendor, as to the real quantity contained within the specific boundaries, he is without remedy. Good faith is required in sales of this description, as much as in any other contract, and it was proper under the pleadings of this case to go into

In sales *per aversionem* the purchaser cannot claim diminution of price for a deficiency in measurement, but if he has been led into error by the fraudulent concealment of the vendor, as to the real quantity, he is not without a remedy, and will be allowed to produce evidence of fraud and concealment under the proper allegations.

Good faith is required in sales *per aversionem*, as much as in any other kind of contracts, and when fraud and concealment is alleged in the

EASTERN DIST. *March*, 1839.

BROWDER'S C'R. *vs.* BROWDER'S H'RS

pleadings, the court should allow the inquiry to be gone into.

So, the purchaser was permitted to introduce evidence, to show that the vendor knew at the time of the sale, which was *per aversionem*, that the tract of land described in the act of sale, contained less than was mentioned.

that inquiry. The act of sale describes that part of the land commonly called the double concession, as "supposed to contain about four hundred superficial arpents;" now if it be true that there were but ninety-seven acres, instead of four hundred arpents, in this double concession, to the knowledge of Lesassier, the latter in our opinion cannot shelter himself behind the principle that the sale was one, *per aversionem*, and that he was not liable to make up any deficiency.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered, that the case be remanded for a new trial, with directions to the judge not to decline to receive the evidence offered to prove that the vendor knew at the time of the sale, and before that the double concession, described in the act of sale, contained less than four hundred arpents; and that the plaintiffs pay the costs of the appeal.