Judge Underwood
delivered the Opinion of the Court.
In 1798, Eubank executed a bond to Vaughan, for the conveyance of forty eight acres and three fourths of land, described by its boundaries. This bond Vaughan assigned to George Hampton, the appellee,who mortgaged the land to Jesse Hampton, in 1825. While George Hampton was absent from the state, as he alleges, Eubank and Jesse Hampton came to some agreement, the result of which was, that Eubank conveyed to him (Jesse Hampton) fifty one acres, more or less, in discharge of the bond, which was given up to be cancelled by said Jesse, to whom it had been delivered after the execution of the mortgage, but without any assignment thereon.
The deed from Eubank to Jesse Hampton reserves a life estate in the land conveyed, to Nancy Epperson,wife of John Epperson.
The mortgage from George to Jesse Hampton states, that the land was conveyed to the latter, for the purpose of securing him against loss in consequence of his surety-ship in a debt due to Martin.
In 1826, George Hampton filed his bill against Jesse Hampton, Vaughan and Eubank, charging that the debt to Martin had been discharged, and praying that the *344 deed from Eubank to Jesse Hampton might be cancelled, and that Eubank might be compelled to convey to him, according to the bond. The court decreed according to the prayer of the bill,' and Eubank appealed.
^ ^ covenanted^to convey a tract ofland, deserib-ed as contain-guantfty Cert.a'd by boundaries, he shall convey boundaries; and the surplus'11611*
Where a ven-dee has entered on the land, and retains the possession, under an executo-ry contract, the vendor cannot resist the claim to specific execution on account of the lapse of time.
A party who has recently re-cognised an obligation to convey, cannot resist the claim-on account of its staleness.
Eubank objects t.o the decree, because, he says, the boundary mentioned in the bond includes more land than forty eight and three fourths acres, and that he is only . , - . , ' mi , bound to convey that quantity. 1 he surveyor's report s^ews’ that the boundary mentioned.in the bond, contains fifty one acres, one rood and twelve poles. The clif-ference jn quantity is, therefore, two acres, two roods and twelve poles only. It is impossible to make a survey in ^le ordinary method of surveying with precise accuracy. Some allowance must be made for the unevenness of the ground, and the deviations of surveyors and chaincarriers from a straight line ; in consequence of which, it is impossible, in the usual mode, to ascertain the exact distances from corner to corner. The excess in this case is hut a fraction above five per cent, which is the customary allowance. The difference is .so trifling, that we should be averse to disturb the decree on that account. But, upon mature consideration, we are of opinion, that the appellant is bound to convey according. to the boundary-mentioned in the bond, and that he cannot reduce the quantity to forty eight acres and three fourths, if the boundary contains more. Eubank objects to cancelling the deed from himself to Jesse Hampton ; and insists, that the appellee’s claim is stale, being of more than twenty years standing. It is inferable, that the land was improved, and in the possession of George Hampton. If that was the case, the staleness of the demand does not operate against the specific enforcement of the contract, as this court has frequently decided. But after the appellant has acknowledged its validity, so far as to execute it, at least in part, with Jesse Hampton, and when this objection is taken for the first time in the answer to the amendatory bill, we think it not available as a defence. When Martin’s debt was paid, Jesse Hampton had no right whatever to take a deed to himself. True, it does not appear, whether the debt was paid before, or after the deed was executed- Be that as it may, Jesse Hamp- *345 'ion conic! not, by taking the deed to himself, thereby ■convert tfie estate in which he had no interest, except as mortgagee, into his absolute property discharged from the •equity of redemption. He had no right to take other estate, or a less quantity than Eubank’s bond called for. He had no right to incumber it with a life estate in fav- or of Mrs. Epperson. These acts of Jesse Hampton, who has permitted the bill to be taken for confessed against him, well authorized the court to set aside his deed. That being done, the appellant cannot complain that he is compelled to perform his bond in favor of the true proprietor.
It is objected, that Mrs. Epperson and her husband were not before the court, and that it was erroneous to cancel a deed under which she was entitled to a life estate in the premises conveyed, when she was no party. This was erroneous, and for that cause the decree is reversed, and the cause remanded, for the purpose of giving the appellee leave to amend his bill, making Epper-son and wife parties, or of dismissing without prejudice. The appellant must recover his costs.