JAMES WEAR *et al.*, Appellants, *v.* JOSEPH W. PARISH, Appellee.

### APPEAL FROM THE PEORIA COUNTY COURT.

Where a party who was sued for an amount due for the purchase of a lot of land, defended upon the ground that a part of the lot sold was occupied and held by others, and that his title thereby failed, to rebut which the plaintiff undertook to prove that only a portion of the land described in the deed was intended to be conveyed; it was held, that the description in the deed must prevail, and that parol evidence could not vary the deed; if the parties were aggrieved, they must resort to equity.

THIS is an action of assumpsit, brought by appellees against appellants, to the July term, 1860, of the Peoria County Court, upon the following note:

$1,500.                                      *Peoria, May* 12*th,* 1857.

One year after date, for value received, we jointly and severally promise to pay to Albert G. Long, the sum of fifteen hundred dollars, with interest at the rate of six per cent. per annum from date.

JAMES WEAR.
AARON D. WEAR.
WASHINGTON C. WEAR.

Indorsed as follows:

For value received, I hereby indorse and assign the within note to Joseph W. Parish.

ALBERT G. LONG.

The declaration contains two special counts on said note; also, the common counts and a count for interest.

Defendants plead the general issue only, with an agreement signed by counsel, that defendants may prove thereunder anything which they might prove under any special plea, well pleaded.

Jury waived, and trial by court at October term, 1860, and judgment for plaintiff, for $984.28, and costs.

Motion for new trial by defendants overruled. Appeal prayed.

The bill of exceptions shows, that plaintiff read in evidence the note sued on, with indorsement, as above. Upon this note nine hundred dollars had been paid.

A witness testified, "That when note was given there was a sale of real estate, and the note was part of the consideration paid. I saw the deed at the time." Defendants here exhibited a deed from Albert Long and wife to defendants, dated May 12th, 1857, in which, for the consideration of $2,900, said Long and wife conveyed to said Wears, all of lot 6, in block 48, in Munson and Sanford's Addition to the city of Peoria,

with full covenants of seizin in fee, general warranty, and freedom from incumbrance.

Witness further said : " There was no other consideration for said note, except the deed, and property then sold by Long to Wear. The note was not all the consideration paid by Wears on the premises. They paid $1,400 cash, on the delivery of the deed. The whole purchase money was $2,900. At or about the time the deed was delivered, and note given, Wears gave mortgage to Long to secure the note."

Defendants offered and read in evidence a mortgage from Wears to Long, dated June 25th, 1857, to secure the payment of the note sued on. This mortgage covers all of said lot 6, in said block 48.

Witness stated that the defendants were never in possession of the part of the lot on the alley. At the time they purchased, the German Lutheran church were occupying, and claiming as their own, sixty feet of said lot on Sanford street, by fifty feet on the alley, had it enclosed, and a church and school house on it, which they still occupy. The part so held by said society, was worth, at the time of sale to Wears, without improvements, $600. The improvements were worth ten to fifteen hundred dollars.

" That said note and $1,400, were only given for the part of said lot fronting on Fourth street, by ninety feet deep on Sanford street. Wears did not purchase any more of said lot. The society were in possession of back part of lot. Wears knew it and did not purchase it. A mistake was made in both deed and mortgage, which were both made out for the whole lot. They should have been for ninety feet on Sanford street by fifty feet on Fourth street. There was a house then on front part of the lot, and a fence dividing church lot from part Wears bought. I was agent for Long, and knew front part only was sold to Wears. I put them in possession of ninety by fifty feet, which was all they bought, and they still retain possession of this. When the note fell due, I saw Wears about paying it. Only objection they made was, times were hard and they could not pay. Afterwards said they could pay $600 if I would not push them for whole. They paid $600, and I agreed to wait on them, they agreeing to pay ten per cent. on balance. I did not know the deed or mortgage called for whole lot till two years afterwards."

Another witness said: " I know the lot in question; live near it. The church was built on back part of it six or eight years ago, and Wears have never had possession of that part. That part was, when Wears bought, worth $500, without improvements, and with them, from $1,500 to $1,700

A witness for plaintiff was called, who said: "I know old Mr. Wear, and talked with him a year ago last spring; I went to see him on behalf of the church, and asked him for quit-claim deed for the part of the lot occupied by the church. He said he never bought that part of the lot, but it was deeded to him, and how it came he did not know."

Other witnesses testified to the same facts.

The assignment of errors is as follows:

In overruling motion of defendants below to strike out special indorsement and exclude note from evidence.

In admitting testimony to contradict the deed and mortgage read in evidence.

In overruling motion for new trial.

In amount of damages assessed against defendants.

In rendering judgment for plaintiff.

In not rendering judgment for defendants.

J. K. COOPER, for Appellants.

H. GROVE, for Appellee.

WALKER, J. That defendant might plead and prove a want of title to land for which the note was given, is undeniably true. And there seems to be no question that the entire lot was conveyed when the church was in the occupancy, and admitted to be the owners of a portion of it, equal in value when it was executed to the balance of the note remaining unpaid. And the record fails to disclose that the payee of the note, has ever claimed to have title to the portion of the lot occupied by the church. If this is true, it establishes, *prima facie*, a failure of consideration, and the evidence to establish that fact was properly admitted under the agreement, to establish the defense.

The question is then presented, whether the plaintiff below may rebut this presumption, by showing that only a portion of the property described in the deed was in fact sold and designed to be conveyed, and that the makers had obtained all they purchased; and that the portion in the possession of, and owned by the church was not designed to either be sold or conveyed at the time the deed was made, but that that portion of the lot, was included in the deed by mistake. It is a rule of universal application, that a contract cannot exist partly in writing and partly in parol, or that a written agreement can be enlarged, varied or explained by verbal evidence. The contract must speak for itself, and by it alone can the intention of the parties be ascertained. We can only look to the deed to ascertain what land was intended to be sold and conveyed. And that which we

find in the deed must prevail, and parol evidence will not be received to show that something else, or a smaller quantity was designed to be sold by the parties. *Lane* v. *Sharp*, 3 Scam. 556.

If such a mistake was really made as is alleged, a court of equity is the proper forum in which it may be corrected. But a court of law has never entertained jurisdiction to reform mistakes and compel a specific performance of contracts. That hardships may occur in consequence of the difference in the jurisdiction of the two tribunals may be true ; but until the legislature shall change the law, parties must be left to seek their remedies in the court having jurisdiction to afford relief. Until the legislature shall interpose, we are powerless to alter the law. The court, therefore, erred in admitting appellee's rebutting evidence, and for that reason the judgment must be reversed, and the cause remanded.

*Judgment reversed.*