# Wheeling.

## AARON STOCKTON *vs.* UNION OIL AND COAL COMPANY.

### January Term, 1870.

A vendor sells 2,000 acres of land to a vendee, at the price of 50,000 dollars, and conveys, by mistake, to the vendee, 39 acres of land for which the vendor has no title. HELD:

> In a suit in equity to recover the purchase money, the circuit court should decree a specific execution of the contract, where it is possible to do so; and that where such specific execution cannot be decreed, the court should decree an abatement, according to the contract price of the purchase, or at the rate of 25 dollars per acre, and not according to the relative value of the 39 acres.

This was an appeal from a decree of the circuit court of Kanawha county, rendered on the 22d day of June, 1867. The bill was filed at the October rules, 1865.

A statement of the material points in the cause will be found in the opinion of Judge Maxwell.

*Boggess* and *Swan* for the appellant.

No counsel appeared for the appellee.

MAXWELL, J.   Aaron Stockton sold to Coons, Picket & Co., a tract of 2,000 acres of land at the price of 50,000 dollars, by contract in writing, bearing date on the 20th day of December, 1856; for the payment of the purchase money Coons, Picket & Co. executed to the said Stockton their several promissory notes, for different sums, due at different times.   The said Stockton afterwards, on the 21st day of February, 1857, by deed, with general warranty, conveyed the said land to the said Coons, Picket & Co., and the said

274 COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term, Stockton vs. Union Oil and Coal Co. 1870.

Coons, Picket & Co. conveyed the said land to the "Union Oil and Coal Company," by deed bearing date on the 14th day of April, 1858, and the said "Union Oil and Coal Company" assumed the payment of the debts of Coons, Picket & Co. Stockton, being indebted to one William Tompkins, transferred to him the notes on Coons, Picket & Co. The notes were all paid except the sum of 7,000 dollars, when the executrix of the last will of said Tompkins, brought her suit to recover the said balance, by attachment in equity, in which said land was attached; the said Stockton, the said Coons, Picket & Co., and the said Oil and Coal Company, were made defendants. The said Oil and Coal Company filed its answer, which was treated, and proceeded in as a cross bill, in which it sought to be relieved from the payment of the said money on two grounds:

First. It is charged that at the time of the purchase of said land by Coons, Picket & Co., the said Stockton represented that, to begin at a point sixty poles above the mouth of Staton's run, at the point named in the contract, and run thence with the line of Mrs. Lewis' tract, according to the calls of the contract, all of the coal in the hill would be included, while, in fact, it is not all included.

Second. It is charged that there is a large deficiency in the quantity of the land, caused by a conflict of boundary on the back line.

The answer of Stockton to the cross bill denies the charge of misrepresentation, and also denies that there is any conflict of boundary on the back line. No depositions were taken in the cause, and there is no evidence to sustain the charge of misrepresentation, or the charge as to the conflict of boundary; the report of the surveyor made in the cause, in fact, shows conclusively that there is no conflict as charged. These questions are, therefore, out of the case.

It appears, however, that the deed, as made by Stockton, by mistake, includes within its lines 39 acres to which the said Stockton had no title, and which was not included in the lines of the contract.

The court below rendered a decree to the effect that there should be an abatement from the purchase money for the relative value of the 39 acres, and directed its commissioner to ascertain and report that relative value. From this decree an appeal is taken.

The error assigned is, that the decree is erroneous in not directing the specific execution of the contract as it was made, if possible; that any mistake made by the parties in an attempt to execute it should be corrected, by requiring a performance as stipulated.

If a specific execution of this contract could be decreed, it would be error not to do so, as the record abundantly shows a mistake in attempting to execute it. But it does not appear that the contract can be executed specifically, because it does not appear that Stockton is the owner of any adjoining lands within the description of the contract from which the deficiency can be made up. The only alternative, on the case made in the record, is to grant relief by abating from the unpaid purchase money the price of the 39 acres of land included in the deed by mistake.

The abatement should be according to the contract price of the purchase, or at the rate of 25 dollars per acre, and not according to the relative value of the said 39 acres, because the said 39 acres were not, by the terms of the said contract, included in the sale, and were included in the deed by mere mistake.

For the error of the court below in decreeing an abatement of the purchase money for the relative value of the 39 acres, and not according to the contract price, the decree complained of will have to be reversed, with costs to the appellant, and the cause remanded for further proceedings.

The other judges concurred.

DECREE REVERSED.