# WHEELING.

## DEPUE v. SERGENT.

Submitted January 11, 1883—Decided March 31, 1883.

1. If the vendor agrees in writing to convey or by deed does convey to his vendee for a specific price a tract of land, described by metes and bounds as containing a specified number of acres "more or less," it is a sale in gross and not by the acre, and there is no ambiguity in the written contract or deed on this point,

though the price named be an exact multiple of the number of acres named. The case of *Besen* v. *Humphreys*, 75 Va. p. 196 disapproved, and the 15th syllabus in *Crislip, Guardian*, v. *Cain*, 18 W. Va. p. 441 approved. (p. 332.)

2. When a bill is filed to enforce a vendor's lien, and the answer asks an abatement of the price on account of a deficiency in the quantity of the land, because of fraud in the vendor in misrepresenting in the deed the quantity of the land, or because the land was sold by the acre and not in gross, such answer in either case alleges no new matter, which constitutes a claim for affirmative relief within the meaning of § 35 of ch. 125 of Code of West Virginia, but presents simply a defense to the plaintiff's demand, and therefore the court should not permit a special replication to such answer to be filed, but only a general replication. (p. 345 )

3. If on the hearing of such a case, when the answer claimed an abatement, because the contract was for a sale by the acre, the evidence shows, that the contract was in writing and that it was a sale in gross, but that the defendant is entitled to an abatement because of the fraud of the plaintiff in misrepresenting the quantity of the land in the tract sold, the court ought to permit the defendant to withdraw his answer and file another corresponding with the facts proven; but if the plaintiff replies generally to this answer, the court should allow the parties time to take testimony on the new issue thus made up. (p. 342.)

4. Where the contract of sale is in writing and unambiguous, no parol evidence of any character can be received to prove, that the parties intended a sale by the acre, if on the face of the contract it is a sale in gross. But, though the contract be in writing and unambiguous and is a sale in gross, yet, if the pleadings show that the issue between them is, whether the vendor did misrepresent the number of acres in the land by the contract to the prejudice of the vendee, any sort of parol evidence, which tends to establish such fraud, may be received, even though it tends to contradict the written contract, as by showing that the land was considered by the parties as sold by the acre. (p. 335.)

5. The general rule is, that if in case of a deficiency in quantity in the sale of land the vendee for any cause is entitled to an abatement of the price, this abatement should be at the rate of the average value per acre of the entire tract sold. (p. 345.)

Appeal and *supersedeas* to a decree of the circuit court of the county of Roane, rendered on the 18th day of March, 1880, in a suit in chancery in the said court then pending,

wherein Henry Depue was plaintiff and James M. Sergent was defendant, allowed upon the petition of said Sergent.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

GREEN, JUDGE, furnishes the following statement of the case :

At August rules, 1877, Henry Depue filed his bill in the county court of Roane county against J. M. Sergent alleging, that on November 17, 1873, he sold and conveyed to said Sergent, by deed with general warranty of title, a tract of land described by metes and bounds in Roane county, containing as alleged in the deed, five hundred acres more or less for four thousand five hundred dollars, of which sum one thousand two hundred dollars was paid in cash and the balance was to be paid in deferred payments as named in the deed, all of which had been paid in except the last two, of six hundred and twenty-five dollars each, with interest from the date of said deed November 17, 1873; that one of these last two payments was due and wholly unpaid, as was evidenced by the bond of said Sergent filed with the bill; that a vendor's lien to secure these deferred payments was expressly reserved in the deed, an attested copy of which was filed with the bill, it having been duly recorded. The deed filed was correctly described in the bill, and it contains nothing except what was therein stated. The bill prayed an enforcement of this vendor's lien and asked general relief. The cause was properly removed to the circuit court of Roane county.

J. M. Sergent filed an answer to this bill alleging, that he had paid on the bond claimed to be then due, five hundred and seventy-five dollars; he says, that he purchased said lands at nine dollars per acre and that five hundred acres were sold to him, but that there was a deficiency in the quantity in the tract of seventy-three acres, and he claims an abatement of the purchase-money of six hundred and fifty-seven dollars and interest; and he prays, that these credits and abatement for this deficiency may be allowed him and asks for general relief.

The plaintiff filed a reply in writing to this answer claim-

ing, that the tract of land was sold in gross and not by the acre. He afterwards filed another reply in writing to this answer, in which he admits the payments claimed in the answer, except one of one hundred and seventy-five dollars, claimed in the answer to have been made on April 2, 1877, which is denied; and it repeats the allegations in the first special replication. He afterwards filed a third special reply to this answer, repeating again the allegations made in his former replies and adding, that this sale in gross of this land was made on October 29, 1873, and filing the agreement of sale, which corresponds with this deed.

The defendant, Sergent, filed also what he calls an amended supplemental answer, in which he claims a payment of six hundred dollars in addition, made after the report of the commissioner had been returned and claiming, that he tendered at the same time eighty-five dollars, which would be in full satisfaction of the plaintiff's demands, but which he refused to take. This answer also excepts to the commissioner's report claiming, that it did not report the deficiency in the land to be as much as the evidence showed it to be by one acre and thirteen poles; and this answer also prays for general relief. This answer was replied to in writing by the plaintiff, Depue. He denies, that the eighty-five dollars was tendered to him in a legal manner and in such money or currency as he was bound to receive. He claims, that the one acre and thirteen poles claimed as a further deficiency in the quantity beyond that which the commissioner reported is unfounded, and that the one acre and thirteen poles are included in the land conveyed.

On September 5, 1878, the court made an order referring this cause to a commissioner "to ascertain, whether or not the said sale was in gross or by the acre, for a number of acres at a fixed price per acre, and to ascertain the number of acres in the tract and the amount of the defendant's payments on this land, as well as the amount due including the last payment, if that was due when the report was made."

The commissioner reported in September, 1879, that the tract of land contained four hundred and fifty-two acres, one rood and thirty poles, instead of five hundred acres, a deficiency of forty-seven acres, two roods and ten poles; that a

further deficiency of one acre and thirteen poles is claimed to exist which he disallows, because for reasons that he sets out he regarded it as included in the deed. He then says : "The commissioner is not entirely satisfied as to how far he should receive parol testimony when there is a plain written agreement. It is very evident to the commissioner, that the agreement clearly points out that the sale of the farm, made by the plaintiff to the defendant, was by the tract and for so much. This seems to be confirmed by the deed, which was accepted by the defendant. The commissioner, therefore, after giving careful consideration to all the evidence in the case is of opinion, that the sale was made as a tract of land, and not by the acre, for the sum of four thousand five hundred dollars, but that the defendant was led to believe, that there were five hundred acres or near that amount, is also clearly the opinion of the commissioner, although no exact number of acres were intended to be conveyed ; but the defendant should have a reduction for shortage." He then states the account between the parties ; allows all the payments claimed in his answer by the defendant, excepting only the payment of one hundred and seventy-five dollars, as of April 25, 1877, which the plaintiff denied in his reply ; makes an abatement for deficiency in the quantity of the land of forty-seven acres, two roods and ten poles, at the average price nine dollars per acre, and finds that on August 14, 1879, there is due from the defendant to the plaintiff on this purchase six hundred and eighty dollars and one cent.

No exceptions were filed to this report by the plaintiff, and the defendant excepted to it only because the true deficiency should have been found to be forty-eight acres, two roods and twenty-three poles or one acre and thirteen poles more, which amounts to twelve dollars and ninety-four cents, as of August 14, 1879, and which should, it is claimed, be deducted from the amount reported to be due. The depositions taken justified the conclusion drawn from them by the commissioner, that it "goes to show that the sale was made by the acre." But when taken in connection with the written agreement and the deed, the conclusion drawn from all the evidence by the commissioner is sustained by an examination of it, that is, "that the sale was made as a tract of land, and not by the

acre, for the sum of four thousand five hundred dollars, but that the defendant was led to believe by the plaintiff that there was five hundred acres or near that amount in said tract."

The court by its decree on the 18th of March, 1880, sustained the defendant's exceptions to this report and fixed the deficiency at forty-eight acres, two roods and twenty-three poles as claimed by the defendant; but instead of allowing the abatement at the price of nine dollars per acre, the average price of the land, the court allowed only five dollars per acre for such deficiency. It also gave the credit for the six hundred dollars, admitted to have been paid after said report of the commissioner, and making these corrections in the report and allowing this credit, there is found to be due a balance from James M. Sergent, to the plaintiff of two hundred and eighty-five dollars and fifty cents, for which it rendered a decree against him, and if not paid with certain costs within thirty days, a special commissioner thereby appointed, was required to sell said land or so much thereof as was necessary after a specified advertisement and on specified terms; and this special commissioner was required to give bond in the penalty of five hundred dollars conditioned as required by law, before acting as such commissioner.

From this decree the defendant, J. M. Sergent, obtained an appeal and *supersedeas*. On March 11, 1882, this Court reversed this decree, approving it in all respects except, that it was held, that the deficiency should have been abated at the price of nine dollars per acre instead of five dollars. This reduced the balance due from J. M. Sergent on the purchase of this land, from two hundred and eighty-five dollars and fifty cents to sixty-seven dollars and seventy-four cents as of March 18, 1880. But after this decree was rendered by this Court we had occasion during the same term of the Court to thoroughly consider the whole subject of abatement where there was a deficiency in land sold, in the case of *Crislip, Guardian* v. *Cain*, 19 W. Va. p. 438; and doubting the propriety of this decree rendered on a previous day of the same term, on March 11, 1882, because of the improper and defective pleadings in the case, though it might be entirely proper on the evidence had the pleadings been such as

they should have been, on April 22, 1882, we set aside this decree of March 11, 1882, and ordered this case to be reheard and reargued, which has been done.

*George J. Walker* for appellant cites the following authorities : 2 Story Eq. Juris. §§ 778, 779 and note; 1 Call 301; 4 Munf. 332; 2 W. Va. 347; 4 W. Va. 408; 8 W. Va. 496; 11 W. Va. 217.

*Henry C. Flesher* for appellee cites the following authorities: 21 Gratt. 132; 2 Rand. 51; 8 Leigh 9; 5 Call 1; 1 Munf. 330; 2 Lom. Dig. 63; 19 Gratt. 731; 7 W. Va. 263; 10 Leigh 39; 19 W. Va. 438.

GREEN, JUDGE, announced the opinion of the Court:

In this case, the written contract for the sale of the land under the hands and seals of the parties, is thus worded : "Henry Depue has this day sold to James M. Sergent, a tract of land situated on Island run on the waters of Spring creek, containing five hundred acres more or less, for the sum and consideration of one thousand two hundred dollars cash paid in hand and three thousand three hundred dollars (to be paid in specified times with interest from date)." The deed dated the 17th day of November, 1873, executed by Depue and wife to Sergent for this land, is as follows: "That for and in consideration of four thousand five hundred dollars, twelve hundred dollars of which is in hand paid, and the balance is to be paid at times specified in the deed, the parties of the first part (the grantors) grant, bargain, sell and convey to the party of the second part (grantee), the following described tract, (here follows the full description of the tract of land including its metes and bounds), containing five hundred acres more or less. The parties of the first part hereby expressly retain a vendor's lien on the tract hereby conveyed for the purchase-money above mentioned. The parties of the first part covenant to warrant generally the property hereby conveyed."

In *Crislip, Guardian,* v. *Cain,* 19 W. Va., p. 526 and 527, it is laid down, that "the decisions in Virginia and elsewhere

have uniformly held, that when a vendor sold by written contract a tract of land for a certain sum of money, describing the land and adding thereto, containing so many acres more or less, specifying them or any other mode of specifying the quantity, which shows that its exact quantity was not intended to be given, such a contract or deed has been invariably construed to be a contract in gross, and has not been construed to be a contract by the acre, nor has such indefinite specification of the quantity of land ever been construed as a warranty of the number of acres by the vendor and as a contract, thus binding him to make it good." This construction of such a contract, that it is a *sale in gross* and that there is no warranty in such a contract of the quantity, by the vendor, has in most cases been assumed and acted upon by the court as clear and indisputable, and no comment has generally been made on the subject; such contracts are not regarded in these respects, as being in any degree ambiguous. See *Stebbins* v. *Eddy*, 4 Mason 414; *Smith* v. *Evans*, 6 Binn. 102; *Glen* v. *Glen*, 4 Serg. and R. 488; *Wiatt* v. *Rose*, 16 N. J. Eq. 290; *Marvin* v. *Bennett*, 8 Paige 312; 26 Wend. 169; *Jackson* v. *McConnel*, 19 Wend. 175; *Jackson* v. *Moore*, 6 Cowen 706; *Lush* v. *Druse*, 4 Wend. 313; *Brown* v. *Parish*, 2 Dana 9; *Hampton* v. *Eubank*, 4 J. J. Marsh. 634; *Eubank* v. *Hampton*, 1 Dana 343–344; *Peden* v. *Owens*, Rice Eq. 55; *Whicker* v. *Crews*, 1 Ired. Eq. 351; *Galbreath* v. *Galbreath*, 5 Watts 146; *Williford* v. *Bentley*, 5 J. J. Marsh. 181; *Perkins* v. *Webster*, 2 N. H. 287; *How* v. *Bass*, 2 Mass. 382; *Hall* v. *Mayhew*, 15 Md. 551; *Innis* v. *McCrummin*, 12 Martin (La.) 425; *Leassier* v. *Dashiel*, 13 La. 151; *People* v. *Wilson*, 16 La. 185; *Morris Canal Co.* v. *Emmett*, 9 Paige 168; *Slothower* v. *Gorden*, 23 Md. 1; *Tyson* v. *Hardesty*, 29 Md. 305; 8 Cal. 76; *Johnson* v. *Taber*, 10 N. Y. 319; *Clark* v. *Carpenter*, 4 C. E. Green (N. J.) 328; *Zeringue* v. *Williams*, 15 La. Ann. 76; *Wear* v. *Parish*, 26 Ill. 240; *Winch* v. *Winchester*, 1 Ves. & Beam 385; and also these Virginia cases: *Jolliffe* v. *Hite*, 1 Call 301; *Anthony* v. *Oldacre*, 4 Call 489; *Nelson* v. *Mathews*, 2 H. & M. 164; *Hull* v. *Cunningham's Ex'or* 1 Munf. 330; *Grantlines* v. *Wight*, 2 Munf. 179; *Bedford* v. *Hickman*, 5 Call 236."

There is, as is here stated, no case, when by a written con-

tract or deed a party sells or conveys a certain tract of land described, for a certain price, and in describing this land says it contains a specified number of acres, more or less, in which the courts have ever held, that such contract or deed could be construed as a contract of sale by the acre, except a single case, which will be presently noticed. It is true, that in *Bierne* v. *Erskine*, 5 Leigh 59, when the words describing the quantities of land specified the *exact* quantities unqualified by the words "more or less" or any other words it was held that, if the price was an exact multiple of the *exact* number of acres named, the sale, which would otherwise have been clearly a sale in gross, was thereby rendered ambiguous. It would then still be *prima facie*, on the face of the deed, a contract of sale in gross and not by the acre, but being ambiguous, it might be shown to be a contract of sale by the acre by proof of the circumstances surrounding the sale and the subsequent *conduct* of the parties in carrying it out; but all other parol evidence was carefully excluded, as the character of a written contract can never be explained in this way by the oral declarations of the parties made either before, at the time of, or after the sale. See *Crislip, Guardian*, v. *Cain*, 19 W. Va. p. 527, 528 and 529.

It is true that where the words "more or less" were not added to the description of the quantity of the land, the court of appeals of Virginia in the case of *Benson* v. *Humphreys*, Law Journ. April, 1881, did hold, where the price was an exact multiple of the quantity, though it was not stated exactly but was qualified by the addition of the words "more or less," yet, that this was still a contract of sale by the acre. But this case met the express and decided disapproval of our Court, in *Crislip, Guardian*, v. *Cain*, 19 W. Va. p. 551 and 552. It is entirely unsustained by reason or authority in Virginia or elsewhere.

Our conclusion therefore is, that in the case before us on the very face of the deed and written contract, the sale was clearly a sale in gross of the tract of land for four thousand five hundred dollars, and not a sale by the acre; and this being the case, of course it could not be proven by any description of parol evidence and much less by the talk of parties to be a sale by the acre. The written contract, clear on its face,

could not be explained by any kind of parol evidence on principles of law universally acknowledged. When therefore the defendant in the case before us, filed his answer in this cause, in which he said, "that he purchased said land by the acre at nine dollars per acre and the plaintiff sold him five hundred acres at said price per acre," the plaintiff ought to have excepted to this portion of this answer. For the deed, which was filed with the bill as a part thereof showed conclusively as a matter of law, that this sale was not by the acre, but was a sale of the entire tract of land at the gross sum of four thousand five hundred dollars.

This question, whether this sale made in writing was a sale by the acre or a sale in gross, was a mere question of law to be determined by the court on an inspection of the written contract or deed. And therefore the court ought not to have permitted this allegation, that it was a sale by the acre to have been made in the answer, if it had been excepted to by the plaintiff, as it ought to have been. Misled however by some of the Virginia decisions rendered since the formation of this State, which have been disapproved since by this Court in *Crislip, Guardian,* v. *Cain,* 19 W. Va. p. 438, the circuit court erroneously treated this question, whether this sale though in writing, was a sale by the acre or in gross, as a question of fact and, that parol evidence would be received to determine this question; and therefore among other things, it directed its commissioner "to ascertain whether or not said sale was in gross or by the acre."

The commissioner very properly doubted, whether he could give any weight to parol evidence in determining this question and held it to be a sale in gross, as was evident on the face of the written contract as well as by the deed; but he was of opinion that the evidence showed, that the grantor Depue, led the grantee Sergent, to believe, that there were five hundred acres or near that amount in the tract sold, and that therefore the defendant had a right to an abatement on account of the deficiency in the tract of land. As the grantor had expressly alleged in his contract and deed, that there were in this tract of land five hundred acres, more or less, that is about five hundred acres of land, the grantee had a right to regard this as a statement made on the personal

knowledge of the grantor and to rely upon it; and as the evidence in the judgment of the commissioner showed, that he did rely upon this statement of the grantor and was thereby misled to his injury, the conclusion of the commissioner that he was entitled to an abatement for this reason, though the sale was of the tract in gross and not by the acre, is expressly sustained by this Court in *Crislip, Guardian*, v. *Cain*, 19 W. Va. p. 441, syllabus 15.

This conclusion was reached after a full examination of the authorities. See 19 W. Va. from page 485 to 557. But the difficulty in the way of the commissioner acting on this principle, or of the court rendering a decree based on these principles however correct in themselves is, that there had been no issue made up by the pleadings as to whether the vendee, Sergent, relying on this allegation of the vendor, Depue, that there was about five hundred acres in this tract, had been induced to purchase for four thousand five hundred dollars and was thereby injured, as it contained less. The only issue on this subject had been, whether the sale of this tract of land was a sale in gross for four thousand five hundred dollars or a sale by the acre at nine dollars per acre. The commissioner had very properly reported, that it was a sale in gross of the entire tract for four thousand five hundred dollars, and not a sale by the acre. And as all the evidence which tended to show, that the vendee, Sergent, had been misled by the positive allegations of the vendor, Depue, as to the quantity of the land and had been thereby injured, was in reference to a matter, which had never been put in issue by the pleadings and had not been referred to the commissioner, he could not properly report upon it nor could the court properly act on his report in reference to this matter; nor could it properly act upon it at all till the pleadings had been amended and this matter properly put in issue.

If it had been put in issue, as we think it ought yet to be permitted to the parties to do, then of course the plaintiff, the vendor, ought to be permitted by any sort of pertinent parol evidence to prove, that the vendee did not in point of fact rely on this statement of the vendor as to the quantity of land, and that he was not thereby deceived nor misled to his injury; and on the other hand the vendee, Sergent, may in-

troduce any parol evidence he can, which tends to show, that he did rely on such statement of the vendor in regard to the quantity of land and was thereby misled to his injury, thus strengthening the *prima facie* presumption, which in law arises, that the purchaser did rely on the statement of the vendor, and agreed to pay the price he did for the tract of land, because of such reliance and was injured by having been misled, as the quantity turned out to be much less.

It is obvious, that while the parol declarations of the vendor, Depue, that the land had been sold by the acre, cannot be used to prove in contradiction of the written contract and deed, that the land was not sold by the gross as a tract for four thousand five hundred dollars, yet, such declarations do tend to show, that the vendee, Sergent, in making the purchase had regard to the number of acres in the tract, and though he ultimately bought the tract in gross, yet, he was induced to do so by this reliance on the statement of the vendor, Depue, in his contract and deed, that the tract contained about five hundred acres. That this evidence is legitimate for such a purpose is stated in *Crislip, Guardian,* v. *Cain,* 19 W. Va. p. 548.

The principles, which we have here laid down, are fully discussed in that case, and are sustained by the great weight of authority and reason. It is true there have been decisions in Virginia, since the formation of our State, as well as occasional dicta of judges, which are inconsistent with these principles, but the old decisions in Virginia, as well as the decisions elsewhere, sustain these positions.

In Virginia, in modern times, the judges seem to have lost sight of the well established rule, that parol evidence can not be used to contradict a written contract, and also of the palpable difference between a vendee seeking an abatement for a deficiency, because the sale was by the acre, and the case, in which the vendee seeks such abatement, because he has been misled by the statement of the vendor in his written contract, made positively as to the quantity of land and presumed to have been made on his knowledge, and relying on this statement, he, the vendee, had to his injury been induced to give the price agreed upon for the tract of land in gross. As an instance of this disregard of established principles and

this confusion of thought, when the question has been, whether there should be an abatement for a deficiency where there has been a sale of land, I may refer to the opinion of Judge Staples in *Caldwell* v. *Craig*, 21 Gratt. 138, in which he says: "Many cases have been before this court involving the doctrine of compensation upon contracts for the sale of real estate. In many of them, parol evidence was received as to the true understanding of the parties, whether a sale in gross or by the acre was intended, notwithstanding the existence of written articles evidencing the contract. In *Jolliffe* v. *Hite*, 1 Call 301; in *Quesnel* v. *Woodlief et al.*, 6 Call 218; in *Fleet* v. *Hawkins*, 6 Munf. 188, and in *Grantland* v. *Wight*, 2 Munf. 179, such evidence was admitted without objection."

This reading of this opinion of Judge Staples, leaves on the mind the impression, that these cases had made an exception to the general rule, that no parol evidence can be received to contradict a written contract whenever the question involved was, whether the contract was for the sale of the land in gross or a sale of the land by the acre. An examination of these cases gives no countenance to such a construction. In all these cases, the vendees brought bills in equity against the vendors of the land alleging, that they had been misled by the statement of the vendors in their written contracts, as to the quantity of the land contained in the tract sold; and, that it having been since ascertained by the vendees, that there was a deficiency in the quantity, they asked either an abatement from the price or a refunding of a portion of it, when it had all been paid.

These cases as well as *Caldwell* v. *Craig*, were reviewed by this Court in *Crislip, Guardian*, v. *Cain*, 19 W. Va. from page 485 to 519, and on pages 549, 550 this conclusion is reached: That in these and in other cases, parol evidence was received as a matter of course, not to contradict as Judge Staples seems to think, the written contract for the sale of the land, but for a very different purpose for which it was obviously legitimate, that is, to prove that the vendee relied on the statement of the vendor as to the quantity of the lands, and was thereby induced to purchase the tract at a certain price, which resulted in his injury.

This being the real question in issue in these cases, the vendee sustained his position or strengthened it by proving, that in purchasing the tract he had especial regard to the quantities of land; and this he showed by proving, that in the preliminary negotiations, the proposition was to sell by the acre at such fixed price as would just equal the gross price he agreed to pay for the tract, if it was assumed to contain the number of acres named in the written contract. Subsequent declarations of the vendor, that this tract of land was sold at this price per acre, certainly tended to show, that the vendee agreed to give for the entire tract of land a certain sum, because it was valued at this price per acre, which would, if the quantity named in the deed had been correct, just make for the entire tract the gross sum named in the contract or deed.

This parol evidence obviously tended to show, that the vendee had been misled by the vendor to his injury, as to the quantity of land in the tract; and that it tended to establish the fraud of the vendor, which was the real basis of these suits. And as a matter of course this evidence was, as it ought to have been, received to establish this fraud, and not as Judge Staples seems to think, to contradict the written contract. His views in this case of *Caldwell* v. *Craig*, 21 Gratt. 132, must be regarded as really only *obiter dictum*, for the action in this case was on the written contract and the defense was, not that it was a sale by the acre, but that the vendee had been defrauded by the misrepresentations of the quantity of land in the tract, and therefore any parol evidence, which tended to establish this fraud, could be introduced. The parol evidence then in that case, was not introduced to contradict the written contract as Judge Staples seems to think, but for a far different purpose, that is, to establish a fraud, which was the real question in issue between the parties in that suit. Judge Staples in his opinion, seems to speak as if the real question in issue in that case was, whether the land was sold in gross or by the acre. Had this been true, clearly this parol evidence was not admissible; but the issue being, whether or not the vendor had defrauded the vendee, this parol evidence was very properly admitted, and no established rule of law was thereby violated.

The grounds on which such parol evidence as to its having

been spoken of as a sale by the acre, is received in such cause, where the issue is whether there was or was not fraud, is thus stated by this Court in *Crislip, Guardian,* v. *Cain,* 19 W. Va. p. 548: "Parol evidence including the oral declarations of parties before, at the time of and after the contract, may as a matter of course, be introduced to prove this misrepresentation, and to prove, that it was fraudlent and relied upon by the vendee, and that he was thereby induced to make the purchase at the price, which he paid or agreed to pay. And a common character of such evidence is to prove, that prior to the sale there were propositions to sell and buy by the acre, or that since the sale the parties spoke of it as a sale by the acre. This evidence is not received to alter or vary the written contract but to establish, that the vendee in buying fixed the price by the supposed number of acres thus establishing satisfactorily, that he relied on the vendor's statement of the quantity, and was by it induced to make the purchase at the price, which he paid; and this he must in some way establish, or he cannot recover, though a misrepresentation of the quantity was made by the vendor." But as I have before said this will be presumed from the written contract specifying the quantity as so many acres more or less. This of itself makes out a *prima facie* case of the vendee to recover or to have an abatement, when he proves a deficiency in the quantity, it being assumed *prima facie,* that he was misled to his injury by the positive statement in the deed or contract, that the land contained about a certain quantity, which statement the vendee has a right to assume was made on the personal knowledge of the vendor, and which therefore, he has a right to rely upon as correct.

This deception with injury to the vendee, is in law a fraud upon him, though the vendor honestly believed, that there was the quantity named in the deed in the tract sold in gross. For he can not say positively in his deed or contract, that there is about this quantity unless it be true, and merely because he believes it to be true, for in speaking thus positively he induces the vendee to believe, that he has personal knowledge of the truth of what he says; and if it turns out that he has no such knowledge, but

that there is a deficiency in the land, he has in law been guilty of a fraud and must make up the deficiency, provided the vendee trusted to and relied on his statement and was by it in point of fact deceived.

Our conclusion is therefore, that in this case, as the pleadings had made no issue upon the question, whether or no the vendee, Sergent, had been misled by the vendor, Depue, to his injury, and induced to agree to give the four thousand five hundred dollars for the tract of land because of the vendor's assurance, that it contained about five hundred acres; all evidence tending to prove such fraud was inadmissible; and that all the evidence tending to show, that the vendor, Depue, had stated that this land was sold at nine dollars per acre, and that it contained five hundred acres, was of this character, and was therefore inadmissible upon the pleadings in the case, because it was parol evidence tending to contradict a written contract. But, if the issue had been such as above indicated, whether or no there was fraud in this misrepresentation of the quantity, then all this evidence would have been pertinent and proper.

The circuit court was, as was this Court when it decided this case formerly, misled doubtless by this opinion of Judge Staples and by these modern Virginia decisions, which have unfortunatately confounded cases of tort resulting from misrepresentation of vendors, with cases of contracts for the sale of lands in gross or by the acre. After mature consideration, we regard such confusion as especially dangerous; nor is the mischief any less because in some cases the same results will be reached, whether the redress is sought because of the fraud of the vendor, or because the sale was by the acre and not in gross. For while this confounding of these matters in some cases, produces no injurious results, yet, in others it produces gross injustice and wrong. The basis of the relief asked being entirely different, it is of course necessary, that this basis should always be kept in view even though when it is determined in either case, that the vendee is entitled to redress, the measure of his relief may be the same.

In the case before as it is proven, that the vendee, Sergent, was misled to his injury by the positive statement of the ven-

dor in his deed and written contract, that this tract of land contained about five hundred acres, when in point of fact it contained forty-eight acres, two roods and twenty-three poles less than thus represented; but there was no allegations in Sergent's answer, that he had been thus misled and injured, and therefore while the pleadings remain as they now are, he cannot get any abatement because of this injury to him, which is not stated in the pleadings. For the court cannot grant relief in a case proven, which is entirely different from the case alleged. The decree of the circuit court of Roane county, being for these reasons erroneous, it must be reversed and annulled; and it remains for us to determine, whether we can now properly permit Sergent to withdraw the answers he has filed, and file an answer in the cause, which when replied to generally would put in issue the question, whether the allegations in the written contract and deed made by Depue, that this tract contained five hundred acres, more or less, that is about five hundred acres, misled Sergent to his injury, and induced him to give four thousand five hundred dollars for said tract of land. If this can be done when the pleadings are thus corrected, if the evidence which may be hereafter taken does not vary the case from what it now is, the decree rendered by this Court on March 11, 1882, would be the proper decree to be entered.

But if the new evidence, which Depue would have a right to introduce should prove, that Sergent did not rely on his statement that this tract contained about five hundred acres, but upon his own knowledge, which was equal or inferior to that of Depue's; or if it proves, that Sergent was in point of fact not induced to give four thousand five hundred dollars for this land because he believed it to contain five hundred acres, but would have given it though he did not know how many acres it contained, the quantity of land in the tract being to him a matter of indifference, then on such proof, Depue would be entitled to demand the whole price four thousand five hundred dollars, less what had been actually paid, and Sergent would be entitled to no abatement for the deficiency in the quantity.

Can we now permit Sergent to file another answer in lieu of that which he has filed in order to put in issue the real

question of controversy, which has been disclosed by the testimony in the case? Before the adoption of our Code, when an answer was always sworn to and when it not only served the purpose of pleading, but was also regarded as evidence, the general rule was that an answer would not be permitted to be amended after the evidence had been taken, because to permit that would be to allow the defendant to change his evidence to suit the exigencies of the case, which would be unjust to the plaintiff and would obviously tend to the encouragement of perjury. But, even then, an answer was sometimes allowed to be amended, or supplemented, or to be withdrawn, and a new answer filed when the amendment was in some small matter not material, unless the defendant by evidence showed to the court, that he had been surprised. See *Smith* v. *Babcock*, 3 Sumn. 583. As for instance, when a mistake was made in a date from inadvertency. But in general, very cogent circumstances had to appear before a court would permit an answer to be changed though even then where it was manifest, that the purposes of substantial justice required it, the court in its discretion might permit an answer to be changed; but when the new facts sought to be let in by the answer were wholly dependant on parol testimony, the reluctance of the court to permit the answer to be changed was greatly increased.

These are the general principles, which formerly governed the courts in permitting answers to be changed, as is laid down in *Smith* v. *Babcock et al.*, 3 Sumn. 583. But upon the hearing of a cause, the court may grant the same indulgence to a defendent as it would to a plaintiff. If it has appeared, that the defendant has not put in issue facts, which he ought to have put in, and which must necessarily be in issue to enable the court to determine the merits of the case, he will be allowed to amend his answer for the purpose of stating these facts. See Story's Equity Pleading section 902.

But the courts have been always very cautious in permitting such amendments at the hearing. As the bill in this case was not verified, the defendant was not bound to verify his answer by affidavit, and if verified, it would not have been evidence under the provisions of our Code. See Code

of W. Va. ch. 125, § 38. It is therefore obvious, that under this provision now in force in this State, one of the principal reasons for the courts being so reluctant to permit answers to be amended or changed, has been removed. And no doubt answers may be amended or changed with the leave of the court now, under circumstances wherein they could not be formerly so amended or changed. But, the court now ought not to permit answers to be changed or amended at the option of the defendant, and should only permit it when substantial justice required that it should be done.

It is clear however from the evidence in this case, that substantial justice does require, that the answer of the defendant should be withdrawn or taken from the file, and a new answer filed putting in issue facts, which he ought to have put in issue and which must necessarily be in issue, before the court could determine the real merits of the cause. For the circuit court has determined that such facts exist in this case, apparently from the evidence, and this Court in this respect, has concurred with the circuit court.

We are therefore of opinion, that instead of making a decree in the cause on March 18, 1880, the circuit court ought to have permitted the defendant to withdraw his answer and the amended and suplemental answer from the files, and to file a new answer, and that this should still be allowed, alleging, that by the deed of the plaintff and by the written contract between the plaintiff and the defendant, of date October 29, 1873, a copy of which should be filed with this contract, the plaintiff conveyed and agreed to convey said tract of land to the defendant for the sum of four thousand five hundred dollars; that in said deed and agreement he represented, that there was in said tract of land five hundred acres, more or less, meaning thereby about five hundred acres; that relying on this representation of the quantity of land in said tract, the defendant agreed to pay for it four thousand five hundred dollars, each of the parties valuing said land at about nine dollars per acre, but, that it has been since ascertained, that there was a deficiency in the said tract of land to the extent of forty-eight acres, two roods and twenty-three poles, which at the average price of said land

amounts in value to four hundred and thirty-seven dollars and seventy-nine cents, which the defendant asks may be abated from said purchase-money as of November 17, 1873, and also setting out his credits in his said answer, allowed by the decree of March 18, 1880, as payments, and claiming these as credits on his purchase.

To this answer, the plaintiff should not be permitted to file a reply in writing or a special reply, but only a general replication; for these matters in this answer, are not new matters constituting a claim for *affirmative* relief, such as are referred to in section 35 of Code of West Virginia, page 604, but are purely and strictly matters of defense, which could not formerly have been claimed in a cross-bill.

When this cause is remanded to said circuit court, and this new answer filed and issue taken on it, the evidence which has already been taken without objection by either party, may be read as evidence on this new issue; but either party, who desire it, should be afforded the opportunity of taking any additional evidence on this new issue. And the court should determine the question, whether the defendant is entitled to any abatement upon the principles laid down by this Court in the case of *Crislip, Guardian,* v. *Cain,* 19 W. Va. p. 458. If it should on the evidence be of opinion, that the defendant was entitled to an abatement, it should allow him an abatement for a deficiency of forty-eight acres, two roods and twenty-three poles at the rate of nine dollars per acre, the average price of said tract of land; this being already ascertained to be the correct quantity of the deficiency by the circuit court, and which this Court on the evidence, is of opinion, is the correct quantity.

The circuit court in its decree of March 18, 1880, allowed this abatement at the rate of five dollars per acre. This was not we think the proper price to be put on this deficiency, if the defendant is entitled to an abatement therefor. The general rule in the case of an abatement on account of deficiency in the quantity of land sold, is to allow for the deficiency the average price of the whole land. See *Hull* v. *Cunningham,* 1 Munf. 330; *Nelson* v. *Mathews,* 2 H. & M. 164; *Lowther* v. *The Commonwealth,* 1 H. & M. 202; *Blessings, adm'r,* v. *Beatty,* 1 Rob. 287; *Crawford et als.* v. *McDaniel,* 1 Rob.

448; *Nicholas* v. *Cooper*, 2 W. Va. 347; *Stockton* v. *Union Oil & Coal Co.*, 4 W. Va. 273.

Though there are sometimes exceptions made for particular reasons to this general rule, yet, we see nothing in the facts of this case to justify a departure from this general rule. The tract sold was to a large extent unimproved; less than one hundred acres of it being improved, and there being on this improved part a small house.

When the case is remanded, the circuit court should strike from the records and file all the replies in writing of the plaintiffs, as well as the amended and supplemental answers of the defendant, as none of these ought to have been permitted to be filed. The amount of credits, which were allowed by the decree of March 18, 1880, as payments up to that time, should be again allowed and no new evidence should be permitted either as to the quantity of land in the tract, or as to the amount of the payments up to March 18, 1880, as the parties have been heard on these points and their questions have been decided by the circuit court, and its decision on these questions, is we think, sustained by the evidence.

Although this decree of March 18, 1880, for the reasons we have assigned must be reversed yet, the appellant, Sergent, must pay the costs of the proceedings in this Court, as the appellee is the party substantially prevailing in this Court. For, in our judgment, the circuit court should have rendered no decree on March 18, 1880, but should have stricken out the special replications of the plaintiff and the amended and supplemental answer of the defendant, and should have permitted him to withdraw from the file his answer and to have filed such a new answer as we have indicated. And when issue had been joined on it and additional evidence taken, it might have been, and it may yet be, that the appellant, the defendant, will ultimately be held to be entitled to no abatement. This may not be very probable, but of this we cannot judge. And it must therefore be held, that the decree of March 18, 1882, was prejudicial to the plaintiff, the appellee, it being prematurely made and probably it might be found, that he is entitled to a decree against the appellant for a larger amount. The whole diffi-

culty in the cause has been created by the filing of an improper answer by the appellant, and he should pay the costs in this Court.

The decree of March 18, 1880, of the circuit court of the county of Roane, must be reversed, set aside and annulled as prematurely made; and the appellee, Henry Depue, as the party substantially prevailing, must recover of the appellant, J. M. Sergent, his costs in this Court expended; and this cause is remanded to the circuit court of Roane county with instructions, that it shall be further proceeded with in the manner indicated and upon the principles laid down in this opinion, and further according to the principles governing courts of equity.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.   CAUSE REMANDED.

---

# WHEELING.

