# CHARLESTON.

### A. R. JOHNSON v. W. A. TODD *et als.*

Submitted March 9, 1920.   Decided March 16, 1920.

1. CREDITORS' SUIT—*Debtor's Interest in Land Fraudulently Held in Secret Trust by His Joint Owner May be Subjected.*

   A general creditor may maintain a suit in equity for the purpose of having his debtor's interest in lands, fraudulently held in secret trust by his joint owner, ascertained and subjected to the payment of his debt. (p. 28).

2. SAME—*Where Joint Owner Secretly Held Legal Title Creating a Lien Superior to the Claim Only Debtor's Equity May be Sold.*

   In such case, where it appears the joint owner who holds the legal title has executed a trust deed, creating a lien upon the land superior to plaintiff's claim, only the debtor's equity of redemption in his moiety can be sold to satisfy plaintiff's demand. (p. 28).

3. SAME—*Decree of Sale of Entire Interest in Land is Error Unless Debt Constituting Superior Lien is Due and Payment Demanded.*

   Even though the joint owner in such case may be co-obligor and jointly and equally liable for the discharge of such superior lien, it is, nevertheless, error to decree a sale of the entire interest in the land unless the debt constituting the superior lien covering such interest is due, and payment thereof is demanded by the creditor. (p. 29).

4. APPEAL AND ERROR— *Objection to Answers Will Not be Received Unless Made the Specific Ground of an Objection in the Court Below.*

Objection and exception to an answer because it is unsigned by the defendant or by his counsel will not be considered by this court, unless it appears such was made a specific ground of objection in the court below. (p. 28).

Appeal from Circuit Court, Kanawha County.

Suit by A. R. Johnson against W. A. Todd, G. R. Edgar, Farmers' & Miners' Bank, and C. J. Van. Fleet, trustee. Demurrer to bill by defendant Todd overruled, plaintiff's objection to the filing of an amended answer by defendant Todd and an answer by the Farmers' & Miners' Bank overruled, and from a decree for the sale of the interests of defendants Todd and Edgar, the plaintiff and defendants Edgar and the Farmers' & Miners' Bank appeal.

*Reversed and remanded.*

*C. J. Van Fleet,* for G. R. Edgar and others.
*Miller & Bobbitt* and *D. W. Taylor,* for A. R. Johnson.

WILLIAMS, PRESIDENT:

A. R. Johnson and W. A. Todd were partners in a drug store conducted in the city of Charleston by said Todd as the managing partner. Johnson, becoming dissatisfied, brought a suit in equity to dissolve the partnership and settle up the firm's business. Pending that suit a compromise agreement was entered into and the suit was dismissed. That agreement is the basis of the present suit in equity. By that agreement Johnson purchased the interest of Todd in all the firm's assets and assumed the payment of certain of the firm's liabilities, which were listed, stating the amounts thereof and to whom owing. Todd agreed to pay all debts and obligations of the partnership, if any, other than those listed and assumed by Johnson. Todd failed to comply with his agreement and Johnson was compelled to pay and did pay, not only the debts which he had assumed, but also other debts which he subsequently learned the firm owed, which Todd had assumed to pay, amounting to $981.69.

This suit was then brought by Johnson against Todd and others, to recover from Todd the aforesaid debt and to subject his interest in certain lots in the city of Charleston to the payment of the same. The said W. A. Todd, G. R. Edgar, Farmers' and Miners' Bank, a corporation, and C. J. Van Fleet, Trustee, are made parties defendant. The bill alleges the facts above narrated, and further alleges that Todd is the secret owner of an undivided ½ interest in two certain lots in the city of Charleston, known as lots K 1 and 2 of Block 1 of the Holly Hunt Place, as laid off in lots, streets and alleys upon a map of same, filed and recorded in the office of the clerk of the county court of Kanawha County; that these lots were purchased jointly by said W. A. Todd and G. R. Edgar, and that said Todd procured the title thereto to be made to the said G. R. Edgar, not disclosing the said Todd's interest therein, for the purpose of hindering, delaying and defrauding plaintiff and the other creditors of said Todd in the collection of their debts; that on the 22nd of May, 1917, the said G. R. Edgar executed a deed of trust to C. J. Van Fleet, Trustee, conveying the aforesaid lots in trust to secure the payment of a note for the sum of $2500.00, made by G. R. Edgar and W. A. Todd, payable to the order of the Farmers' & Miners' Bank; that, on information and belief, the aforesaid note has been paid off and discharged, or partly paid, and the amount yet due thereon, if any, is unknown, and if any portion remains unpaid, it is the debt of the said Edgar and not the debt of the said Todd; and that the said Todd is insolvent and has no visible property. Plaintiff prays for a decree against said Todd for his aforesaid debt and that Todd be decreed to be the owner of a ½ undivided interest in the aforesaid lots, and that "all of said real estate be sold, and from the proceeds thereof there be paid from the portion belonging to the said Edgar such amount, if any, as may be found to be due to the defendant, Farmers' and Miners' Bank, a corporation, and from the portion thereof procured from the sale of the portion owned by the defendant Todd there be paid the debt due this plaintiff as herein alleged." He also prays for general relief.

Todd demurred to, and answered the bill, denying that the firm, at the time the agreement was entered into between him

and the plaintiff, owed any other debts than those which the plaintiff had assumed to pay, and denying that the conveyance of the lots to Edgar was made to defraud any of his creditors. He admits the lots were purchased jointly by himself and Edgar, but denies any fraud, or fraudulent intent on his part in having the title thereof conveyed to said Edgar. Plaintiff filed the depositions of a number of witnesses, proving thereby the amounts of the various debts which the firm owed and which he paid, but which were not included in the list of debts which he had assumed to pay, but were debts of the firm assumed by Todd. But no proof was taken to show the relation of Todd and Edgar respecting the $2500.00 debt owing to the aforesaid bank, nor when it became due, nor whether any part of it was paid. It does not appear when it became due, or that it was payable at the time the suit was brought or the decree was entered; nor does it appear whether Todd and Edgar were jointly liable in équity for the said debt, or whether one was only the surety for the other.

The cause was argued and submitted for final hearing on the 10th of May, 1919, upon plaintiff's bill taken for confessed as to all the defendants, except W. A. Todd, the answer of Todd then tendered and filed and general replication thereto, and on the depositions of witnesses on behalf of the plaintiff, and the court took the case under advisement until the 11th of June, 1919, when the final decree was rendered. At that time, when the court was about to render its final decree, the Farmers' & Miners' Bank tendered and asked leave to file its answer, and the said Todd also asked leave to amend his answer, to which plaintiff objected, his objection being overruled and said answer and amended answer being filed, plaintiff moved to have them stricken out. No exception in writing to the answer was filed, and the record fails to show the grounds of the exception or motion. The amendment to the answer of Todd and the answer of the Farmers' & Miners' Bank simply deny that any part of the $2500 owing to the said bank was paid. The bank's answer further alleged that, from the time said note was first executed, it was continuously secured by a deed of trust upon the two lots purchased by Edgar and Todd jointly, mentioned in plaintiff's bill.

The demurrer to the bill had been previously overruled, and properly so, by an order entered the 18th of January, 1919. Plaintiff had a right to maintain this suit in order to have Todd's secret interest in the lots ascertained and declared, and to have his interest subjected to the payment of his debt. He had a right to do so without first reducing his debt to judgment. Section 2, ch. 133, Code; *Murphy* v. *Fairweather,* 72 W. Va. 14; 6 Encyc. Digest Va. & W. Va. Rep., p. 640. Although the bank did not ask for the enforcement of its lien, the court nevertheless ascertained its amount to be $2425.00, that it was prior to plaintiff's lien upon Todd's interest in the lots, and decreed a sale of the interests of both Todd and Edgar therein, if the aforesaid debts were not 'paid in 30 days. From that decree both the plaintiff and the defendants, Edgar and the Farmers' & Miners' Bank, have appealed.

Plaintiff assigns as error the filing of the bank's answer and the amendment of Todd's answer, for the reason stated in brief that they were tendered too late and were not signed by the defendant or by their counsel. The first reason is not sufficient, because the statute, section 53, ch. 125, Code, allows a defendant to file his answer at any time before final decree. The answers were filed before the final decree was entered. Nor is the second ground of error tenable, for the reason that the omission to sign does not appear to have been called to the attention of the lower court. If this had been done, no doubt the omission could have been supplied before the decree was entered. It comes too late if made for the first time in this court. *Jones* v. *Shufflin,* 45 W. Va. 729.

This court has held that a bill in chancery not signed by any one is demurrable and should be stricken from the record, unless properly amended by leave of court. *Denver* v. *Willis,* 42 W. Va. 365. But it is also held that the omission of signature should be called to the attention of the court below, and if not called to its attention the objection will not be entertained if made for the first time in the appellate court. *Jones* v. *Shufflin, supra.* A *fortiori* should the rule apply in the case of an unsigned answer, because the rule is more rigid, if any difference, in respect to the signing of the bill by counsel. Story's Eq. Pl. (10th Ed.) section 47.

Objection is also made to the filing of Todd's amended answer because sufficient cause for the amendment was not shown to the court below. The law does not allow the same liberality in the amendment of an answer as it does in the amendment of a bill, and the reasons therefor are obvious. The bill gives notice to a defendant of all the matters which he is required to answer, and it rarely happens that he can have any reasonable excuse for not, therefore, being fully advised of his defense at the time he is called upon to answer. *Ratliff* v. *Sommers,* 55 W. Va. 30; *Liggon* v. *Smith,* 4 Hen. & M. 407. Defendant has not the right to amend his answer at his option, as the plaintiff has to amend his bill, and he should only be permitted to amend when substantial justice requires it. *Depue* v. *Sergent,* 21 W. Va. 326. This strict rule grew out of the ancient equity practice which required the answer to be made under oath, unless waived by the plaintiff. Section 874, Story Eq. Pl. (10th Ed.). But the amendment in this case is immaterial as it embraced only a denial of plaintiff's averment that the bank's debt had been paid, either in whole or in part. The bank's answer put that averment in issue, and plaintiff had taken no proof to establish his averment and, as to that issue, the case was submitted on bill and answer and of course the denial in the answer had to be taken as true.

The case was submitted to this court, without oral argument, and on brief filed by Johnson's counsel only. The bank did not claim its debt was due and payable and did not seek to have it enforced, but simply denied that its debt or any part of it had been paid, and prayed to be dismissed from the suit. It was error to decree a sale of Edgar's interest in the lots. In view of the pleadings and proof the only proper decree of sale the court could have entered was a sale of Todd's equity of redemption in his $\frac{1}{2}$ interest in the two lots aforesaid. If the amount of the bank's debt was uncertain, the court should have ascertained and fixed the amount of it by its decree, and then directed a sale of Todd's interest only, subject to the bank's prior lien.

Counsel for plaintiff insist that he should not be held liable for the costs in this court for the reason that he did not induce the error, that the decree which his counsel prepared and moved to have entered, at the time the cause was submitted, is not the

decree the court actually entered. But looking to the decree so prepared by plaintiff, which is incorporated in the record, we see that although it provided for a sale of Todd's interest alone, it, nevertheless, directed a sale of his interest free from the lien of the trust deed held by the bank, which would have been error, if the decree had been entered as asked for.

The decree is reversed and the cause remanded for further proceedings to be had in accordance with the principles herein stated, and further according to the rules and principles governing courts of equity, with costs to G. R. Edgar, one of the appellants, against A. R. Johnson, also an appellant.

*Reversed and remanded.*