THE MORRIS CANAL COMPANY *vs.* EMMETT and wife.

Where there is a sale of land *per aversionem*, or at a gross sum for the whole
premises, and not at a specified price by the foot or acre, the purchaser is
entitled to the land contained within the designated boundaries of his
grant, be it more or less; without reference to the quantity or measure of
the premises as mentioned in the contract or conveyance.

And where there has been no fraud or misrepresentation, the purchaser of
the land is neither liable for a surplus, nor entitled to a deduction for a de-
ficiency, in the quantity or measure of the premises, as mentioned in his
contract or deed.

The cases in which courts of equity interfere to give relief, where the quanti-
ty of the land exceeds or falls short of that which is specified in the deed
or contract of sale, are those in which the sale of the land has been made
by the acre or foot; or where there has been fraud, or wilful misrepresenta-
tion, on the part of the party against whom relief is sought, to induce the
other party to believe the quantity of land conveyed was different from
what it really was.

April 20.      THIS was an appeal from a decree of the assistant vice-
chancellor of the first circuit. The bill was filed to fore-
close a mortgage given by the defendants, to Eleanor Cal-
lean, for a part of the purchase money of the mortgaged
premises; which mortgage was subsequently assigned by
her to W. P. Rathbone, and by him to the complainants.
The premises were described in the deed, and in the mort-
gage as lots No. 1, 2 and 3, on the map of the lands of
J. De Lancy, bounded northerly by Water street, westerly
by Walnut street, southerly by the lands of M. Rogers,
and easterly by lot No. 4; and containing together, in
breadth in front on Water street seventy-five feet, and in
rear seventy-five feet, on Walnut street seventy-five feet,
and on the easterly side seventy-five feet, more or less.
The defence set up by the defendants, and proved by the
city surveyor, was that the lots were five feet less in depth
than they were stated to be in the conveyance and in the
mortgage; being but seventy feet deep on Walnut street
and on the east line of the premises. The assistant vice-
chancellor decided that the defendants were not entitled to
any deduction from the bond and mortgage on account of

this deficiency in the depth of the lots; and made the usual decree for the foreclosure and sale of the mortgaged premises.

*E. J. Wilson,* for the appellants.

*T. W. Tucker,* for the respondents.

THE CHANCELLOR. The assistant vice chancellor was unquestionably right in refusing to make any deduction from the amount of the bond and mortgage in this case, on account of the alleged deficiency in the premises, for a part of the purchase money of which these securities were given. The sale to Emmett was clearly a sale *per aversionem,* as it was called in the Roman law : that is, for a gross sum to be paid for the whole premises, and not at a specified price by the foot or acre. In such sales the purchaser is entitled to the quantity contained within the designated boundaries of the grant, be it more or less; without reference to quantity or measure of the premises which is mentioned in the contract or conveyance. And where there has been no fraud or misrepresentation he is neither liable for a surplus, nor entitled to a deduction on account of any deficiency, in the quantity or measure of the premises mentioned in the contract or deed. (*Mann* v. *Pearson,* 2 *John. Rep.* 37. *Powell* v. *Clark,* 5 *Mass. Rep.* 355. *Beach* v. *Sternes,* 1 *Aiken's Rep.* 325.) The rule adopted by our courts in this respect, although it may not carry into effect the real intention of the parties in all cases, is calculated to prevent litigation. It is also more equitable than the rule of the civil law ; which, in such cases, gave the excess to the purchaser, without compensation, where the property was sold by a specific description followed by the mention of the quantity or measure ; although he was entitled to a deduction from the price in case of a deficiency. (*Pothier Cont. De Vente, n.* 251, 255.) The civil code of Louisiana, however, has placed both parties to the contract upon an equality in this respect ; by declaring

1841.

Morris Canal
Company
v.
Emmett.

tha tthere can be neither increase or diminution of price, on account of disagreement of measure, when the object of sale is designated by the adjoining tenements and sold from boundary to boundary. (*Civ. Code Louis. art.* 24, 71.) That is the principle adopted by our courts. And under this article it has been decided by the supreme court of Louisiana, that where several lots were sold together, designated by their numbers in a particular square, and with reference to the plan of the allotment, although the depth of each lot was specified, and fell short of the number of feet mentioned in the conveyance, the purchaser was not entitled to claim a diminution of the price on account of such deficiency. (*See Kirkpatrick* v. *McMillen*, 14 *Louis. Rep.* 497.)

The cases in which courts of equity have interfered are all referred to by Mr. Justice Story in *Stebbins* v. *Eddy*, (4 *Mason's Rep.* 414 ;) and it is only necessary for me to cite his opinion in that case as containing a correct exposition of the law on this subject. The cases in which equitable relief has been granted are generally those in which the sale of the land has been made by the acre or the foot ; or where there has been fraud or wilful misrepresentation on the part of the vendor, to induce the purchaser to suppose the quantity of land was greater than it actually was. In the case under consideration, however, there is no allegation or proof on the part of the appellants that the premises were sold by the foot, or that the price to be paid had any reference to the actual depth of the lots; or that the purchaser was deceived by any misrepresentation as to the number of feet the lots extended back from Water street. I am also inclined to think the words *more or less*, with which the description of the premises concludes, were intended to apply to the depth of the lots upon Walnut street as well as upon the easterly line of the premises ; thereby clearly indicating that both parties to the conveyance were ignorant of the actual depth of either of the three lots conveyed.

The decree appealed from must therefore be affirmed with costs.