Wright, J.,
delivered the opinion of the Court.
The plaintiffs in error were incorporated for the purpose of constructing a railroad from, Nashville by the way of Franklin, to the lino between the State of Tennessee and Alabama, in the direction of Florence ; and the first question is, whether, under their charter, they had the right, in the construction of their road, to enter the corporate limits of the city of Nashville? The circuit Judge was of opinion they had, and we think the weight of authority sustains him. The words, from, a town or city, used in a charter for a work or improvement like this, it has been held, must be taken inclusively. The case of the Commonwealth of Pennsylvania v. The Erie and North East R. R. Co., 27 Penn. State Rep. 339, is directly to this effect, and is supported by numerous other decisions. 1 Strange, 179, 181; 10 Johns., 389, 392; 6 Paige, 554; 7 Barb. Sup. Court Rep., 416.
The right of the legislative power to authorize the building of a railroad within a town, or city, or upon a street or other public highway, is not now to be doubted. 27 Penn. S. R., 339; 1 Barn. and Ad., 30; 23 Pick., 328; 7 Barb., 509; 2 Am. Railway C., 269; 1 Caine, 177.
Having a right then to enter the city, did the charter of the plaintiffs in error authorize them to occupy the bed of the particular alley in question with their road ; and in so doing were they guilty of any actionable injury to the *598 defendant? They can claim nothing that is not clearly given them by the act of incorporation. Any ambiguity in the terms of the charter must operate against them, and in favor of the public. 11 Pet., 544; 27 Penn. S. R., 339. Yet this rule of construction is not to deprive them of the benefit arising from the obvious sense of the charter ; and, moreover, whatever is cs'-onlial to the enjoyment of the thing granted will bo, necessarily, implied in the grant.
This charter confers upon them all the rights, powers and privileges, and makes them subject lo all the liabilities and restrictions contained in the charter of The Nashville and Chattanooga Railroad Company. In the 'charter of this latter corporation power is given to construct its road across or along any public road, so that said road shall not be Hicreby obstructed. And in another section it is prohibited from obstructing any public road, without constructing another as convenient as may be. The term public road as here used may not, and we think docs not, embrace the streets and alleys of a city. But whether it does or not, there is nothing in this record to show that the plaintiffs in error, in the use of this alley, had been guilty of any trespass, or wrong toward the defendant. If it does not, the power to come within the city of Nashville carries with it, by implication, the power, if need be, to locate the road upon a street or alley : for instance, if a company be authorized to make a railroad, by a straight line between two designated points, this implies the right to run upon, along, or across all the streets or roads which lie in the course of such line. So the power to enter the city, of necessity, gives the right to locate the road somewhere, and if need be. upon a street or alley. 27 Penn. S. R., 354-5; 1 Am. Railway C., 238, 328, 578, 580. It is not contended, nor is it shown that this alley was an unsuitable or improper location ; and how can we assume that another alley, or a street, or private property should have been used in its stead ? How can we say the plaintiffs have exceeded the discretion given them in the charter? Is it .prima facie, true even that in the construction of a railroad *599 in a city, private property, rather than a street or alley, is to bo taken ? It does not appear how far the use of this alley for ordinary purposes, is interfered with by this railroad : and if it did, it is not shown that the plaintiffs in error were not fully justified in its appropriation to the use of their road. 9 Paige, 170; 2 Am. Railway C., 579. Prima facie at least, we must take it they were. But if the term public roacl, as used in the charter of The Nashville and Chattanooga Railroad Company, embraces streets and alleys, still, although the company is allowed to use them so as not to obstruct them ; yet it has been held, in order that the grant may have effect, that such a clause docs not entirely forbid the company from going on any street or alley, and that they must be allowed to create such impediments as cannot be avoided. 27 Penn. State R., 356; Redfield, 520. But those which arc not absolutely necessary to the making and using of the railroad are unlawful; and this is so whether the obstruction be expressly prohibited or not, and whether the company be expressly required to construct another road, or passway, or not.' It is alike the duty of the railroad company to leave the street or alley, as nearly free fro’.’:, obstructions as they can, and for that purpose to spare no reasonable expenditure of money or labor. If, for instance, the railroad bo made below the level of the street or alley, they must grade the rest of the street, or alley, also, if there be room, or it be possible, and that will make it better for the public accommodation. 27 Penn. State R., 356-7. A railroad running through the streets of a city may be so constructed and used as not materially to interfere with the use of the streets for ordinary purposes ; and with the power possessed by the legislative and the municipal authorities of the city to regulate the running .of cars or trains, may, ordinarily, be rendered harmless. 9 Paige, 170; 2 Am. Railway C., 579; Redfield, 616.
The plaintiffs in error, then, so far at least as we can see, did no wrong in occupying this allejq as their charter gave them the power to do so : and even if the defendant in error *600 were entitled to compensation for land taken, or other damage growing necessarily out of the use of the alley by the railway, he must resort to the remedy given by the charter; and cannot, as ho has done here, institute a common law action, treating the plaintiffs in error as wrongdoers. 3 Hum., 456; 2 Swan, 437. They are not wrongdoers, but act lawfully and rightfully, so long as they keep within their charter ; and cannot be sued at common law, unless it be for injuries inflicted, either wantonly, or from neglecting to use reasonable diligence and care. 1 Hum., 403-8; 3 do., 456; Kedfield, 520. They were justified by the statute, or charter. It did not require compensation, if any was due, to bo made before the construction of the road. It is expressly otherwise, and gave the defendant in error, if he were entitled to any compensation or damage, a remedy in the mode designated in the charter — not by a common law action — and so compensation is made, it may follow as well as precede the taking of the property. Charter, sec. 24 and 25; 14 Wend., 51; Redfield, 114, 117, 118, 119, 122, 123, 147, 151.
Whatever, therefore, may be the damages, if any, or rather compensation, to which the defendant in error is entitled, the proof does not show that the plaintiffs in error have acted otherwise than their charter warranted, or that they have neglected to use reasonable diligence and care in the construction of their road, or wantonly, and without cause, inflicted injury upon the defendant. But this is necessary to enable him to maintain his action. He must show them to be wrongdoers. His suit is brought with this view and cannot stand in any other. 1 Hum., 403; 3 do., 456; 20 Howard, 135, 149.
Whether the defendant in error has any such interest in the soil of this alley, because it abuts upon his lot, as will entitle him to compensation on account of its being applied to railroad uses, in addition to its former use as a street, and whether he be entitled to any other damage because of the location of the railroad, are questions we need not now consider ; his remedy, if any, being under the charter. Nor *601 do we consider wliat power the city authorities of Nashville had to grant the use, or soil of this alloy for railway purposes ; nor how far this particular license affected the claim of the defendant in error, or enlarged the powers of the plaintiffs in error. These are questions involving much conflict of authority. 6 Yer., 497, 501; 27 Penn. State Rep., 358; Redfield, 158 to 163, 520, 616, 619, and notes with cases cited.
It is sufficient that the Circuit Judge erred in instructing the jury that this action could be maintained against the plaintiffs in error, treating them thereby as wrongdoers, when it docs not appear in the proof that they have acted other-wise than as their charter warranted them in doing.
The judgment of the circuit court must, therefore, bo reversed, and the cause remanded for another trial.