DOUTHIT v. HIPP.

1. In action simply for foreclosure of mortgage to recover the debt secured thereby, and with no purpose of adjudicating the rights of other encumbrancers, a subsequent encumbrancer is a proper, but not a necessary, party.

2. Where the master sells a tract of land as a whole and by name, representing it as "containing 900 acres, more or less," in action against the purchaser for foreclosure of the mortgage given by him to secure his bid, no abatement will be allowed for a deficiency of 40 acres, it not being a gross deficiency.

Before PRESSLEY, J., Newberry, November, 1884.

This was an action of foreclosure brought by S. J. Douthit, master for Greenville County, against David Hipp, and was commenced in September, 1884. The opinion fully states the case.

*Messrs. Moorman & Simkins,* for appellant.

The Circuit Judge erred in refusing to make the subsequent encumbrancer a party. 4 *S. C.,* 338; 7 *Id.,* 329; 9 *Id.,* 197; 11 *Id.,* 545; 12 *Id.,* 61; 4 *DeSaus.,* 330; *Bail. Eq.,* 479; 4

*Johns. Ch.*, 605; *Pom. Rem.*, § 331. Appellant is entitled to abatement for deficiency. 1 *DeSaus.*, 433; 13 *S. C.*, 203, 216.

*Mr. J. F. J. Caldwell*, contra.

Defendant is not entitled to any abatement. 2 *Hill.*, 657; 6 *Rich.*, 37; 1 *McCord*, 121; 2 *Gill* (Md.), 125; 9 *Paige*, 168; 4 *McCord*, 434; *Rice Ch.*, 55; 2 *Speer*, 68. The junior encumbrancer was not a necessary party. 11 *S. C.*, 545; *Pom. Rem.*, § 342; *Story Eq. Pl.*, § 193; *Calv. Parties*, 128, 138. The junior encumbrancer here is the State of South Carolina; how can she be made a party, or served with process?

July 9, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, respondent, as master for Greenville County in 1884, sold a certain tract of land, located in Newberry County, to the defendant, appellant, at public sale. The land was described in the advertisement and sold as land belonging "to the estate of Reuben S. Chick, deceased, and known as the river or Hodge's place, containing nine hundred acres, more or less, and bounded by lands of Mrs. Worthy and Enoree River," and it was so conveyed to the defendant by deed without warranty. The bond for purchase money was secured by mortgage of the premises. The action below was on this bond, and to foreclose the mortgage. The answer alleges a subsequent encumbrance on the land in the shape of a judgment in a case of the State of South Carolina *v.* Uriah B. Whites and others for an amount greater than the value of the land, and that said encumbrancer is a necessary party to the action. It is also alleged that there is a deficiency of forty acres in the quantity of the land, which deficiency, at the price paid, amounts in value to $120.66.

His honor, Judge Pressley, presiding, overruled both of these defences, holding that the subsequent encumbrancer was not a necessary party, and that the appellant could not claim a deduction for the deficit of forty acres alleged under the facts of the case, and he decreed a foreclosure for the whole amount of the mortgage debt. The appeal questions the correctness of the

above rulings of the judge, so that the questions raised are, did the judge err, 1, in refusing to make the subsequent encumbrancer a party? 2, in refusing to allow the appellant an abatement for the deficiency in the quantity of the land?

The case does not involve the discussion of the question whether the subsequent encumbrancer might have been made a party without error, nor whether he may not have been a proper party, but it rests upon the question whether under the facts of the case he was a necessary party to such extent as that the plaintiff could not proceed without bringing him in. The appellant has not brought to our attention any case from our reports, nor any authority from text writers sustaining so rigorous a principle as that contended for, as applicable to this case, and he admits that the result of his research in our State reports is that he has found no case where it has been held that a Circuit Judge could properly refuse to make a subsequent encumbrancer a party to an action for foreclosure when defendant insisted upon it. In other words, he has found no case in which the precise question now raised has been determined, to wit, whether in such case the subsequent encumbrancer is a necessary party.

In *Adger & Co.* v. *Pringle* (11 *S. C.*, 545), Mr. Justice McIver, in delivering the opinion of the court, said: "There can be no doubt that all prior as well as subsequent encumbrancers, while not necessary, are proper parties to an action for the foreclosure of a mortgage of real estate, and in order that the land may produce its full value at the sale sought by such action for foreclosure, it is desirable that such encumbrancers should be made parties." And Mr. Pomeroy, in his *Remedies and Remedial Rights*, § 342, says: "It is a rule universally established that all subsequent encumbrancers, who are holders of general or specific liens on the land, whether mortgages, judgment creditors, or whatever be the nature of the lien, if it can be enforced against the land, are not necessary parties, in the sense that their presence is indispensable to the rendition of a decree of sale, but they are necessary parties defendants to the recovery of a judgment which shall give the purchaser a title free from their liens and encumbrances. If they are not joined as defendants, their rights are unaffected, their liens remain undisturbed and continue upon

the land while in the hands of the purchaser, and they retain the right of redemption from the holder of the mortgage before the sale, and from the purchaser after the sale.''

We think the real distinction is drawn here by Mr. Pomeroy. If the object of the proceeding is to adjudicate the right of the encumbrancers, as well as to foreclose for the benefit of the immediate plaintiff, then such encumbrancers are necessary parties, because their rights cannot be determined in their absence. If, however, the proceeding is a proceeding for foreclosure simply, instituted for the recovery of the debt secured by the mortgage sought to be foreclosed, while the subsequent encumbrancer may very properly be brought in, yet there is no legal necessity that he should be. See *Story Eq. Pl.*, § 193. In the case referred to by appellant (in 4 *John. Ch.*, 604), a case of foreclosure where a subsequent mortgagee, on the petition of the defendant, was made a party, Chancellor Kent did say : ''That it was a fixed rule and essential to justice that no decree should pass until all necessary parties were brought in; all encumbrancers existing at the commencement of the suit must be made parties, or else their rights will not be affected by the decree and sale thereof.'' This is not in conflict with the quotation from Mr. Pomeroy above, nor what Mr. Justice McIver said in *Adger & Co.* v. *Pringle, supra;* on the contrary, it is in accord therewith, to wit: where the decree is intended to adjudge or affect the rights of the subsequent encumbrancer, he must be made a party, otherwise he may not be.

The law applicable to the second question is not doubtful. As a general principle, where lands are sold by the acre, the party purchasing cannot be made to pay for more acres than the tract contains, or where lands are sold by any special description, to such extent as that a failure in that respect would amount to a misrepresentation on the part of the vendor, an abatement will usually be allowed in accordance with the facts. But where it is sold as a whole, in gross, and under the name by which it is known as a certain tract, though the number of acres in the general description is mentioned, yet, accompanied with the words, ''more or less,'' an abatement will not be allowed as a matter of course, because there is a deficiency in the quantity afterwards ascertained. On the contrary, abatement will be refused ordi-

narily.   To this, however, there are exceptions, as in a case of a very gross deficiency.   On this subject, see the cases referred to in respondent's argument,—*Commissioner in Equity* v. *Thompson*, 4 *McCord*, 434; *Peden* v. *Owens, Rice Ch.*, 55; *Morris Canal Co.* v. *Emmett*, 9 *Paige*, 168; *Jones* v. *Bauskett*, 2 *Speer*, 68; *Ellis* v. *Hill*, 6 *Rich.*, 37.

Here the land was sold by the master under an advertisement stating "that it belonged to the estate of Reuben S. Chick, deceased; that it was known as the river or Hodges place, containing nine hundred acres, more or less, and bounded by lands of Mrs. Worthy and the Enoree River."   The defendant must have known that the vendor, acting as master, and selling, not his own property, but the property of a deceased party, under an order of the court, could not be very well informed as to the precise character or quantity of the land.   Besides, the land was not offered by the acre.   These facts and the absence of all precise description should have put him on his guard.   The deficit of forty acres is not of such gross character, when compared to the whole tract, as to bring the case within the exception which sometimes allows parties relief, and the general rule is against the appeal.

It is the judgment of this court that the judgment of the lower court be affirmed.