I concur in the result of the opinion of Mr. Justice Cosgrove affirming the decree of his Honor Judge Johnson upon the grounds which I shall hereinafter state.
This is a case sui generis: I have never heard of anything like it before.
It appears that in 1917 E.B. Lawton conveyed a tract of 294 acres to F.M. Lykes, upon certain terms which are not set forth in the record, but which involved the execution by Lykes to Lawton of a purchase-money mortgage; later, on December 2, 1921, Lykes gave a second mortgage on the premises to J.W. Mayfield; later, between August 17, 1922, and February 11, 1924, several judgments, at different dates during that period, by various creditors, and in various amounts, aggregating approximately $9,000, were entered up against Lykes, each judgment bearing interest from its date, as set forth in the circuit decree; junior to these mortgages and judgments, on May 12, 1924, the National Loan Exchange Bank of Columbia entered up a judgment against Lykes for $2,276.90; later, on February 26, 1925, the Bank of Hampton entered up judgment against Lykes for $343.50.
The first mortgagee, Lawton, died some time later, leaving a will under which his wife, Mrs. Lena Lawton, became the owner of the first mortgage. *Page 354 
Prior to the commencement of the present action, the nature of which will be later explained, Mrs. Lawton, the holder of the first mortgage, assigned the note and mortgage to one Walter Theus, as her assignee, for the purpose of collecting the same or of foreclosing the mortgage if necessary. Walter Theus as assignee then commenced an action in foreclosure about September 27, 1926. The mortgagor Lykes, and the second mortgagee Mayfield, were made parties defendant to that suit, as also were the judgment creditors above referred to, with the exception of the National Loan Exchange Bank.
The amount due upon the first mortgage at the time of the institution of the foreclosure proceeding referred to, including interest and attorney's fees, was approximately $8,560; upon the second mortgage approximately $9,500; and upon the judgments about the sum of $12,000; as stated, the National Loan Exchange Bank was not made a party to the foreclosure proceeding; its judgment amounted to $2,276.90, with interest from April 3, 1924. The other judgment creditors (including, I assume, the judgment of the Hampton bank) were made parties; their liens were prior to that of the judgment in favor of the National Loan Exchange Bank.
The foreclosure proceedings resulted in a judgment of foreclosure and sale; the property was sold on November 9, 1929, and bid in by Mrs. Lawton, to whom the Clerk of Court made title, the date of the deed being December 6, 1926.
On June 28, 1927, Mrs. Lawton executed to Walter Theus an option to purchase the 294 acres which she had bought at foreclosure sale, for the sum of $5,000, $25 in cash and balance within the time stated in the option; she bound herself to convey to Walter Theus, or his assigns, a fee-simple title to the premises free from all incumbrances, upon his compliance with the terms of the option. *Page 355 
On September 9, 1927, Mrs. Lawton brought an action against Walter Theus, alleging that the option which she had given to him was fraudulently obtained and should be canceled of record. The case was tried at October term, 1928, before his Honor Judge Grimball and a jury. The issue was submitted to the jury whether or not the option was secured by fraud. The jury found a verdict in favor of Theus, and thereupon his Honor Judge Grimball issued a decree and order holding the option valid, and directing Mrs. Lawton to execute her deed to Walter Theus or his assigns, in conformity with the option, upon the tender or payment to her of $4,975, and if she failed to convey, clear of all incumbrances, directing the Clerk of Court, upon payment to him by Walter Theus or his assigns of the sum of $4,975, to make title to him; the said funds to be subject to the same liens and incumbrances that might exist upon the premises; the said purchase money to take the place of the land, and the clerk to hold the funds subject to the further order of the Court.
Pending the suit above referred to by Mrs. Lawton to set aside the option which she had executed to Walter Theus, J.T. Theus, Jr., a brother of Walter Theus, procured an assignment to him from the National Loan 
Exchange Bank of its judgment against F.M. Lykes, and after the decree of his Honor Judge Grimball holding the option valid, J.T. Theus, Jr., secured from Walter Theus an assignment of the option which Mrs. Lawton had executed to him (Walter Theus). J.T. Theus, Jr., then made a tender of the amount due upon the option to Mrs. Lawton, demanding, however, that she pay off in full the judgment in favor of the National Loan Exchange Bank which he claimed to be an incumbrance upon the premises. Mrs. Lawton refused to do this, and J.T. Theus, Jr., then filed a written notice with the Clerk of Court, accompanying the payment by him of $4,975, the balance due upon the option giving notice that in paying the money over to the clerk of *Page 356 
the Court and taking title to the premises from him, he claimed to hold open the lien of the judgment which he had procured from the National Loan Exchange Bank, and that he intended no merger of that judgment with the deed which he proposed to take from the Clerk of the Court. The Clerk of the Court then executed a deed to J.T. Theus, Jr., of the premises in conformity with the order of his Honor Judge Grimball, setting out therein the notice which J.T. Theus, Jr., had filed with him, above referred to.
Later an execution was issued on the judgment of the National Loan Exchange Bank against F.M. Lykes; a copy of it was delivered by the sheriff to the Clerk of Court, and payment of the judgment demanded out of the $4,975 in the hands of the Clerk which had been paid in by J.T. Theus, Jr.
The Clerk of the Court then by ex parte petition in the cause of Lena May Lawton and Walter Theus and others, this case, set up these facts and asked to be advised to whom the money should be paid. The rule to show cause was issued upon all of the parties interested to show cause why the clerk should not pay over to the sheriff from said funds a sufficient amount to satisfy the same. The sheriff made return claiming payment of the judgment; Mrs. Lawton made return claiming that she was entitled to all of the money free and discharged of all claims or liens.
The matter came up before his Honor Judge Johnson on July 6, 1929, upon the rule to show cause and the return. He filed an order, dated September 11, 1929, directing the clerk to pay over all of the deposited money to Mrs. Lawton or her attorneys. It was accordingly so paid. From this order J.T. Theus, Jr., has appealed. The question is whether the judgment of the National Loan Exchange Bank, then owned by J.T. Theus, Jr., was a lien upon the funds paid in to the Clerk of the Court, and whether the same should be satisfied from said funds. *Page 357 
The appellant J.T. Theus, Jr., as assignee of the judgment of the National Loan Exchange Bank, can of course have acquired no other rights than his assignor, the bank, had at the time of its assignment to him. It is important therefore to consider what those rights were.
The bank was a lienee junior in rank to the mortgage which Lykes had given to Mr. Lawton, which was a purchase-money mortgage and a first lien upon the property; it was also junior to the second mortgage which had been given to Mayfield and to all of the judgments set out in the decree of his Honor Judge Johnson, with exception of the judgment of the Hamption Bank which being the lowest in rank of all of the liens may be disregarded.
In the foreclosure proceedings it appears that all of these lien creditors were made parties, except the bank. It appears also that at the sale Mrs. Lawton, the holder of the first mortgage, became the purchaser of the land. So that the inquiry is presented what were the rights of the bank, a junior judgment lienee which had not been made a party to the foreclosure proceedings, under the circumstance of the assignee of the first mortgage becoming the purchaser of the premises mortgaged.
I think that the appeal is to be determined by an application of the following principles:
(1) A junior lienee, whether by mortgage or judgment, is a proper but not a necessary party to an action by the senior mortgagee for the foreclosure of his mortgage.Douthit v. Hipp, 23 S.C. 205.
(2) A junior lienee by mortgage, who has not been made a party defendant to the action by the senior mortgagee, has the right, after the sale of the property under foreclosure proceedings, in the exercise of his right of redemption by payment in full of all prior liens, to maintain an action of foreclosure. 2 Jones on Mortg. (6th Ed.), § 1368 et seq.; Peeples v. Snyder, 141 S.C. 152,139 S.E., 405. *Page 358 
(3) A junior lienee, by judgment, who has not been made a party defendant to the action by the senior mortgagee, has the right, after the sale of the property under foreclosure proceedings, in the exercise of his right of redemption by payment in full of all prior liens, to force a sale of the mortgaged premises under an execution issued upon his judgment, and have the proceeds applied to the payment of the liens acquired by him.
(4) If the property shall have been bid off at the foreclosure sale by some one other than the senior mortgagee, the junior lienee, whether by mortgage or judgment, is not entitled to enforce his lien without exercising his right of redemption by payment in full of all prior liens.
(5) If the property shall have been bid off at the foreclosure sale by the senior mortgagee, to whom title shall have been made, the junior lienee, whether by mortgage or judgment, has the right to enforce his lien without being obliged to exercise his right of redemption. 2 Jones, Mortg. (6th Ed.), § 1395.
(6) If the senior mortgage shall have been executed to secure payment of the purchase money of the property mortgaged, a sale under foreclosure of the senior mortgage and a purchase of the property at such sale by the senior mortgagee or a third person will divest the lien of a junior lienee whether by mortgage or judgment and will convey to the purchaser full title, free from incumbrances, whether the junior lienee may have been made a party to the proceedings or not. De Saussure v. Bollmann, 7 S.C. 329.
In the case at bar the appellant, claiming as assignee of the judgment of the National Loan Exchange Bank against the mortgagor Lykes, is necessarily limited to the rights of the bank; it was not a necessary party to the foreclosure suit instituted by the assignee of the senior purchase-money mortgage, and the rights of the bank are measured by the principles above announced, and as under the orders of the Court which were passed in the proceeding to which *Page 359 
the appellant was a party and after he had acquired by assignment the bank judgment, the funds in the hands of the Clerk of Court are directed to be treated as the property itself, the appellant has waived his right to a sale of the property under execution upon the bank's judgment; and regardless of this conclusion the title of the purchaser at foreclosure sale under the purchase-money mortgage is paramount to any interest which he has.
For these reasons I concur in the result of the decree of his Honor Judge Johnson.