654 S.E.2d 100

**GREEN TREE SERVICING, LLC as successor in interest to Green Tree Financial Servicing Corp., Respondent,**

v.

**Tom ADAMS, Appellant.**

**No. 4311.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2007.

Decided Nov. 20, 2007.

---

584

Tobias G. Ward, Jr. and J. Derrick Jackson, both of Columbia, for Appellant.

David Randolph Whitt, of Columbia, for Respondent.

SHORT, J.:

Green Tree Servicing, LLC (Green Tree) filed this action against Tom Adams, seeking to clear title on property purchased by Green Tree at a foreclosure sale. The circuit court declared the property free and clear of Adams' lien. Adams appeals. We affirm.[1]

## FACTS

On May 26, 1999, Kenny Claxton executed a note from Green Tree for $68,400. A mortgage was recorded in the Register of Deeds office on June 14, 1999, securing the note. Thereafter, on August 26, 2004, Adams obtained a judgment against Claxton in the amount of $199,999.98 and duly recorded and indexed the judgment on September 4, 2004.[2]

Claxton defaulted on the Green Tree note, and on October 26, 2004, Green Tree commenced an action for foreclosure. Green Tree did not serve Adams or name him as a party to the action. On January 18, 2005, a hearing was held before the master-in-equity. Green Tree waived its right to a deficiency judgment. Green Tree purchased the property at public auction for $58,583. The amount of Green Tree's debt was $80,904.44. The master entered a report and confirmation of the sale on February 28, 2005.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Adams' mortgage was recorded again on December 7, 2004.

Green Tree discovered Adams' judgment lien in June of 2005 and filed a "Rule to Show Cause and Petition ancillary proceeding" to add Adams as a party to the foreclosure action. On December 19, 2005, the master entered an order stating he no longer had subject matter jurisdiction to add Adams as a party to the case.

Green Tree then filed this action to clear title in circuit court. The court denied Adams' motion to dismiss and Adams counterclaimed seeking to foreclose his judgment lien. Adams stipulated he would have been unable and unwilling to bid at the foreclosure sale and further stipulated the value of the property was less than Green Tree's debt. The circuit court bound Adams to the previous foreclosure proceedings and cleared Green Tree's property from Adams' judgment lien. Adams appeals.

## STANDARD OF REVIEW

"An action to remove a cloud on and quiet title to land is one in equity." *Bryan v. Freeman*, 253 S.C. 50, 52, 168 S.E.2d 793, 793 (1969). In an action in equity, the appellate court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Grosshuesch v. Cramer*, 367 S.C. 1, 4, 623 S.E.2d 833, 834 (2005).

## LAW/ANALYSIS

### I. *Binding a Non–Party to a Foreclosure Action Thereby Extinguishing a Lien*

Adams first argues the circuit court cannot bind him to a foreclosure action to which he was not a party, thereby extinguishing his lien. We agree in part but find no reversible error.

A court may not act against a party without personal jurisdiction. *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006). Moreover, a court should not render a judgment affecting the rights of a party without proper notice. *Ex Parte South Carolina Dep't of Revenue*, 350 S.C. 404, 407, 566 S.E.2d 196, 198 (Ct.App.2002). Accordingly, the circuit court cannot bind Adams to the prior judgment.

■ However, the circuit court properly exercised personal jurisdiction over Adams in the subsequent action to clear title. Green Tree served Adams in this action and Adams fully participated by defending and counterclaiming for relief.

Likewise, the circuit court properly concluded Adams has no recourse against Green Tree or the property. First, Adams declined to exercise any possible right of redemption by stipulating that the value of the property was less than the amount owed to Green Tree and that he had neither the ability nor the willingness to buy the property. *See* 27 S.C. Jurisprudence § 109, at 247–48 (1996) ("An omitted junior lienholder retains his right of redemption, giving him the right to tender to the buyer at the senior foreclosure sale the balance which was owed on the senior lien at the time of the foreclosure."). *Id.* at 248 ("Redemption requires payment of the entire debt that has accrued upon the senior mortgage . . . regardless of whether the property brought less at the foreclosure sale."). Therefore, Green Tree's failure to serve Adams or make him a party to the foreclosure action did not prejudice Adams. Although Adams cannot enforce his lien against this property, his judgment is not extinguished but is still of record. Adams simply must seek relief on his judgment from another source.

## II. *Union National Bank v. Cook*

■ Adams next argues the circuit court erred in relying on *Union National Bank of Columbia v. Cook*, 110 S.C. 99, 96 S.E. 484 (1918). We disagree.

The circuit court quoted the following language from *Union National Bank:*

But it should appear to the Court that the junior incumbrancer has a substantial right in the land to be protected and his lien enforced for some practical purpose, and not merely the prosecution of a fictitious cause of action. In other words, it must appear to the court prima facie that the land is worth more than prior incumbrances and that in probability upon a resale of the land the proceeds would reach the claim of the junior incumbrancer.

*Id.* at 115, 96 S.E. at 488. The circuit court cited this language to emphasize that the debt Claxton owed to Green

Tree substantially exceeded the foreclosed property's value such that any resale of the property would not benefit Adams as a junior lien holder. Like the lienholder in *Union National Bank,* Adams is unable to show how his absence from the foreclosure action prejudiced him.

### III. *Statutory Language*

Adams finally argues his lien can only be extinguished, pursuant to section 15–39–880 of the South Carolina Code, by naming him as a party in the foreclosure action. We disagree.

Section 15–39–880 provides:

> No lien created by operation of law ... shall constitute a lien or attach or reattach as a lien on real property of the lien debtor or real property in which the lien debtor has an interest after a public sale of such real property at any execution or judicial sale in any action or special proceeding to which the lien creditor is duly made a party as provided by law. But this section and § 15–39–890 shall not be construed to affect any prior mortgage lien not foreclosed in any such action or special proceeding and shall not be construed to require the foreclosure of any such prior mortgage lien....

S.C.Code Ann. § 15–39–880 (2005). Adams again maintains his lien was improperly extinguished in the foreclosure action. As explained above, the foreclosure action did not improperly extinguish Adams' lien. Rather, this proceeding removed the lien and cleared title to that property. Adams' judgment remains viable and on the judgment roll.

Finally, our supreme court addressed the necessity of making a junior lien holder a party under similar facts in *Peeples v. Snyder,* stating:

> The first mortgagee had the *legal right* to foreclose his mortgage without making the second mortgagee a party to the action. While the second mortgagee, under the circumstances, was a *proper* party, she was not a *necessary* party; and however expedient it may have been, and was, to have made her a party, as this case has demonstrated, in order that all questions might be determined in the one action, the omission did not affect the validity of the foreclosure pro-

ceedings; it only affected the *effectiveness* of it in leaving open, undetermined, the rights of the second mortgagee.

141 S.C. 152, 156, 139 S.E. 405, 406 (1927) (emphasis in original). As in *Peeples,* the omission of Adams in the foreclosure proceedings did not invalidate the sale. Rather, it merely left Adams' rights as to the Green Tree property undetermined, which have now been addressed in this case. As previously noted, his judgment against Claxton remains viable.

## CONCLUSION

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

STILWELL and WILLIAMS JJ., concur.